**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ALL ELITE WRESTLING,**
**LLC, a Delaware limited liability**
**company, and ANTONY KHAN in**
**his capacity as the Chief Executive**
**Officer, General Manager, and Head of**
**Creative of All Elite Wrestling, LLC**

        **Petitioners,**

**v.**                                   **Case No. 3:26-cv-_____**

**RYAN NEMETH,**

        **Respondent.**
_____/

### VERIFIED COMPLAINT AND PETITION FOR ORDER COMPELLING ARBITRATION IN ACCORDANCE WITH TERMS OF ARBITRATION AGREEMENT

This is an action under Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA"), and the Declaratory Judgment Act, 28 U.S.C. § 2201, to remedy egregious misrepresenting and misleading conduct by Respondent, Ryan Nemeth, which has been occurring in arbitration proceedings. Petitioners, All Elite Wrestling, LLC ("AEW"), and Antony ("Tony") Khan, in his capacity as the Chief Executive Officer, General Manager, and Head of Creative of AEW (AEW and Khan collectively referred to herein as "Petitioners"), therefore, petition this Court for an Order compelling Respondent: (1) to arbitrate his claims against Petitioners in the express manner set forth under the applicable agreement to arbitrate by—(a) ordering

Respondent to transfer the administration and all further proceedings regarding Respondent's Arbitration Demand to the JAMS administrative office nearest to Duval County, Florida; (b) entering an order declaring that arbitration must occur in Duval County, Florida, as set forth in the arbitration agreement; and (c) requiring that the JAMS administrator and any arbitrator selected to preside over the arbitration: (i) must apply Florida law to Respondent's claims, and (ii) must conduct all administrative matters and other proceedings in accordance with the JAMS Comprehensive Arbitration Rules and Procedures, and the standards governing arbitration proceedings generally (*i.e.*, not special standards applicable to employment arbitrations), (2) permanently enjoining Respondent from prosecuting an arbitration in violation of any portion of the parties' arbitration agreement; and (3) entering such further relief as is necessary and proper to effectuate enforcement of the arbitration agreement between Petitioners and Respondent.

## Jurisdiction

1.      Petitioner AEW is an LLC organized under the laws of the state of Delaware with its principal place of business in Jacksonville, Florida. AEW is wholly owned by Beatnik Investments, LLC, a Florida LLC, with its principal place of business in Naples, Florida. Beatnik Investments, LLC's natural persons members are domiciled in Illinois and Florida.

2.      Petitioner Khan is domiciled in Florida and resides in Duval County.

3.      Respondent, Ryan Nemeth, is domiciled in California and is a Los Angeles County resident.

2

4.      There is complete diversity of citizenship between the parties and more than $75,000.00, exclusive of interest and costs, is at stake in this controversy; therefore, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

5.      Venue is proper in the Middle District of Florida, and this Court has personal jurisdiction over Respondent because Respondent's subject Independent Contractor Wrestler Agreement with Petitioner AEW (**Exhibit A**) ("Agreement")[1] provides that "any dispute relating to any matter arising under this Agreement or any dispute concerning the performance, application or interpretation of any provision of this Agreement are to be resolved by final, binding, and conclusive arbitration conducted before a single arbitrator in Duval County, Florida and administered by JAMS, Inc. pursuant to its Comprehensive Arbitration Rules and Procedures." *See* Exhibit A at Section 16.1.

## Factual Allegations

I.      **Respondent's Arbitration Agreement**

6.      Respondent previously conducted work on a contract basis as a wrestler for Petitioner AEW at AEW's events, which took place in numerous different states.

---

[1] Contemporaneously with the filing of this Petition, Petitioners will file a Motion seeking permission to file a copy of Respondent's Independent Contractor Wrestler Agreements with AEW (Exhibits A, B, and C) under seal, due to the Confidentiality provision in each of the agreements. In lieu of attaching fully redacted versions to this Petition, Petitioners have inserted placeholder pages for these Exhibits.

7.    Effective March 1, 2023, Respondent and Petitioner AEW entered into the Agreement, which was the most recent of his three agreements with AEW.

8.    Respondent previously entered into two similar contracts with AEW, the first having an effective date of March 1, 2021 (**Exhibit B**), and the second having an effective date of January 17, 2022 (**Exhibit C**).

9.    Petitioner Khan signed the Agreement, as well as the previous contracts, on behalf of AEW in his capacity as its Chief Executive Officer, General Manager, and Head of Creative.

10.    The Agreement provides:

…[a]ll disputes between [Nemeth] and AEW, including, without limitation, any dispute relating to any matter arising under this Agreement or any dispute concerning the performance, application or interpretation of any provision of this Agreement, shall be resolved for final, binding, and conclusive arbitration conducted before a single arbitrator in Duval County, Florida and administered by JAMS, Inc. pursuant to its Comprehensive Arbitration Rules and Procedures.

. . .

This Agreement is governed by and will be construed in accordance with the laws of the State of Florida . . . .

(Exhibit A at Sections 16.1, 17.8).

11.    Respondent's March 1, 2021, and January 17, 2022, contracts with AEW contained arbitration provisions that were identical to Section 16.1 of the Agreement.

## II.    Respondent's First Attempt to Circumvent Arbitration

12.    In his first blatant attempt to avoid being bound by his unequivocal agreement to arbitrate all disputes arising out of or relating to his Agreement, on

4

February 21, 2025, Respondent filed a civil action in the Superior Court of Los Angeles County, California, Case No. 25STCV05002, bringing claims against Petitioners for Breach of Contract (*i.e.*, his Agreement), Breach of the Implied Covenant of Good Faith and Fair Dealing (also directly related to his Agreement) and "Intentional Interference with Prospective Advantage," (arising out of his business relationship with Petitioners, i.e., his Agreement) (hereafter referred to as the "California State Court Complaint"). (*See* Respondent's California State Court Complaint, attached as **Exhibit D**).

　　　　　　a. The California State Court Complaint alleged claims with no factual nexus to California, other than the fact that Respondent lived there.

13.　　In response to Respondent's February 21, 2025, attempt to circumvent the terms of his Agreement, Petitioners commenced an action in this Court on March 14, 2025, to compel Respondent to submit his claims to arbitration as required. *See All Elite Wrestling, LLC, etc., et al. v. Ryan Nemeth*, Case No. 3:25-cv-00282-WWB-LLL (the "Prior Petition").

14.　　After serving Respondent with the Prior Petition, Respondent agreed to submit his claims to arbitration. *See* Declaration of B. Tyler White, Esq. ("White Dec."), attached as **Exhibit E** at ¶¶ 7, 8.

15.　　Specifically, on April 4, 2025, counsel for Petitioners wrote Respondent's counsel stating: "I wanted to follow back up with you from our conversation this week

regarding Mr. Nemeth stipulating to arbitration in Duval County, Florida." White Dec. Ex. 2 at 2.

16.   On April 7, 2025, Respondent's counsel responded to that email stating: "So I'm going to recommend my client [sic] that we move forward with the arbitration." *Id.*

17.   Therefore, on April 7, 2025, Respondent (through counsel), via e-mail stipulated to "move forward with the arbitration," which Petitioners reasonably presumed (based on counsel's representations) would be filed in Florida, in exchange for Petitioner dismissing the Prior Petition. *See* White Dec. at ¶ 8–9 and White Dec., Exhibit 2.

18.   After receiving confirmation regarding the April 7 email exchange (*i.e.*, Respondent's stipulation to file arbitration in Duval County), Petitioners voluntarily dismissed the Prior Petition without prejudice on April 14, 2025. (*See* Prior Petition at Doc. 13).

19.   The court dismissed the action without prejudice a day later on April 15, 2025. (*Id.* at Doc. 14).

## III.   Respondent Improperly Initiates Arbitration in Orange County, California, and Continues Attempting to Circumvent Express Terms in the Agreement

20.   Continuing with his campaign of gamesmanship, Respondent (inconsistent with his April 7, 2025, representations) filed his Demand for Arbitration ("Demand") with JAMS in Orange County, California, on or about November 10, 2025. White Dec. at ¶ 12, White Dec. Exhibit 3.

6

21.    The Demand was identical to his State Court Complaint, except that Respondent (via emails to JAMS and Petitioners' counsel on November 20, 2025) asserted, for the first time, that he was bringing an assortment of unsupported claims under the California Labor Code.[2] White Dec. at ¶ 13, White Dec., Exhibit 4.

22.    In doing so, Respondent ignored his Agreement and intentionally misled JAMS because Section 17.8 provides that any such claims must be brought under Florida law. Specifically, Respondent misled JAMS because Florida law applies to his previous business relationship with AEW at all times, unless and until Respondent receives a ruling that he was a misclassified employee—which he was not.

23.    Respondent further misled JAMS when he informed JAMS and Petitioners' counsel, in writing on November 20, 2025, that California Labor Code § 925 "voids the agreement to arbitrate in Florida and the choice of law provision." White Dec. at ¶ 16, White Dec. Exhibit 4.

24.    Respondent had no basis for asserting that the California Labor Code was applicable because Section 17.8 of his Agreement expressly provided that Florida law governed his business relationship with Petitioner AEW.

25.    Since that time, Petitioners have maintained their position (both to Respondent and JAMS): (1) that Sections 16.1 and 17.8 of the Agreement require Respondent to arbitrate his claims: (a) in Duval County, Florida—not Orange County, California; and (b) under applicable Florida law—not the inapplicable California law;

---

[2] To date, Respondent has not formally amended his Demand to include any such employment claims; therefore, the factual bases for any such claims remains nebulous at best. White Dec. at ¶ 16.

and (2) that the proceeding is not an employment arbitration because Respondent conducted work as an independent contractor; therefore, employment arbitration rules, standards, and procedures are inapplicable. White Dec. at ¶ 15.

a. Petitioners objected to Respondent commencing arbitration in Orange County, California, and advocated to JAMS for the transfer of the arbitration and administration to Florida via email on November 20, 2025, and again on December 2, 2025. Having been successfully misled by Respondent, JAMS declined to do so.

26. Further, on December 16, 2025, JAMS sent a letter, noting that "arbitration shall be conducted in accordance with the JAMS Comprehensive Arbitration Rules and Procedures," but (due largely to Respondent's misleading statements) requiring Petitioners to pay $1,600.00 of the non-refundable, $2,000 filing fee "[u]nder the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness" (the "Employment Arbitration Minimum Standards"). *See* White Dec. at ¶ 18, White Dec., Exhibits 2 and 5.

27. Petitioner AEW paid the filing fee on or about January 14, 2026 (to avoid potential liability for sanctions under California Code of Civil Procedure sections 1281.97 – 1281.99) (*see* White Dec. at ¶ 18, White Dec., Exhibit 6), subject to preserving Petitioners' position now set forth in the instant Petition. *See* White Dec. at ¶ 19, White Dec., Exhibit 7.

28. JAMS's unilateral Application of the Employment Arbitration Minimum Standards, and Petitioner AEW's subsequent payment of a

disproportionate share of the filing fee was improper because of Respondent's misleading statements—he was an independent contractor—not an employee.

29.     On February 12, 2026, JAMS sent another letter assuring that "the list of arbitrator candidates will include candidates based in either Florida or California who are readily available to travel to either location," and that "objections regarding location and choice of law should be raised with the arbitrator after their appointment." White Dec. at ¶ 21, White Dec., Exhibit 8.

30.     Then, on March 16, 2026, JAMS issued its "Commencement of Employment Arbitration" (the "Commencement Notice") providing the parties with the arbitrator pool and giving each until March 24, 2026, to submit an arbitrator ranking and strike list. White Dec. at ¶ 22.

31.     Importantly, the Commencement Notice contained ten (10) potential arbitrators: six (6) were from California; one (1) was from New York; and only three (3) were from Florida. White Dec. at ¶ 23.

32.     The Commencement Notice further provided that each party may strike only two (2) and rank the remaining candidates. White Dec. at ¶ 22.

33.     On March 23, 2026, Petitioners responded to the Commencement Notice (under the applicable JAMS rules) with a Request to Replace Arbitrator Candidates and for a Reasonable Extension of Time to Strike and Rank Arbitrator Candidates (the "Request"), noting that:

> JAMS has consistently represented to the parties that, presumably in the interest of fairness because of disputed issues among the parties that have been well-documented to

9

date, the proposed list of arbitrators would contain arbitrators from Florida and California. However, of the ten (10) Arbitrator Candidates, only three (3) are from Florida, six (6) are from California, and one (1) is from New York— that provides Respondents with only three (3) chances to have a Florida arbitrator appointed (as they maintain is appropriate under the applicable arbitration agreement), while Petitioner, Ryan Nemeth, has seven (7) opportunities to have a non-Florida arbitrator appointed (consistent with his position). This three-to-seven ratio provides Petitioner with a fundamentally unfair advantage of having an arbitrator of his choosing appointed, while making it exceedingly difficult, if not impossible, for Respondents to even complete and submit their ranking and strike list in good faith.

. . .

[B]ecause of the prejudice that Respondents stand to face by allowing Petitioner to have four (4) more favorable Arbitrator Candidates to rank than Respondents, while Petitioner may also use his two (2) strikes and the ranking system to eliminate any possibility of a Florida arbitrator being appointed, inevitably leading to the appointment of an arbitrator of Petitioner's choosing. Respondents have not been granted that same opportunity.

White Dec. at ¶ 24, White Dec., Exhibit 9.

34. Considering the foregoing, Respondent has successfully misled the JAMS California administrator based on Respondent's assertions for the application of California law and venue; therefore, Petitioners believe that, in addition to arbitration being improperly commenced in California (as opposed to Florida), Petitioners face a significant likelihood of California law and venue continuing to be improperly applied (because of Respondent's misleading representations) absent a court order enforcing Petitioners' rights under the Agreement.

10

35.     Further, in response to Petitioners' Request, Respondent (through counsel) sent yet another misleading email to JAMS and Petitioners on March 31, 2026, stating in relevant part that: "**California law is clear**. **This matter must be arbitrated in California pursuant to Labor Code Section 925**." Thus, Respondents' objections to the ratio of Florida arbitrators to California arbitrators are misplaced, **as this matter unequivocally will not be arbitrated in Florida**." White Dec. at ¶ 25, White Dec., Exhibit 10 (emphasis added).

36.     Paragraph 35 constitutes an unequivocal refusal by Respondent to abide by the express terms of his Agreement to have arbitration conducted in Duval County, Florida, and applying Florida law, which is in direct violation of Petitioners' rights under the FAA.

37.     Considering: (1) Respondent's March 31, 2026, email; (2) JAMS's actions favoring improper California venue (*i.e.*, the fact that JAMS California has retained administration of the action instead of transferring it to Florida for administration, as required by the Agreement); (3) JAMS's improper application of the Employment Arbitration Minimum Standards; and (4) the Commencement Notice with a pool of arbitrators weighted heavily in Respondent's favor, Petitioners have been left with no choice but to exercise their rights under the FAA, filing this Petition to compel Respondent to arbitrate his claims consistent with his Agreement.

11

**Count I: Petition for an Order Compelling Arbitration Under 9 U.S.C. § 4**

38.    Petitioners reallege and reincorporate Paragraphs 6 through 37 as if fully set forth herein.

39.    The Agreement and previous contracts referenced herein and attached as Exhibits A, B, and C, which will be proposed for filing under seal, are true and correct copies of the contracts that Respondent signed with AEW and Khan in his official capacity as AEW's CEO.

40.    A substantial controversy of an immediate nature exists as to whether the forum selection and choice of law clauses in Respondent's Agreement are valid and enforceable, as evidenced by Paragraphs 6 through 37 above, and especially considering Respondent's representations in Paragraph 35, which are incorporated by reference herein.

41.    The enforceability of the forum selection and choice of law clauses is an appropriate issue for the Court to decide in this case, especially given Respondent's clearly stated position that was inconsistent with the plain terms of his Agreement. *See* 9 U.S.C. § 4; *Sterling Fin. Inv. Group, Inc. v. Hammer*, 393 F.3d 1223 (11th Cir. 2004); *Sterne, Agee & Leach, Inc. v. Fellus*, No. 2:09-cv-1750-SLB, 2010 U.S. Dist. LEXIS 160290 (N.D. Ala. Apr. 16, 2010).

42.    Despite agreeing in the Agreement, and presumably in writing on April 7, 2025, to arbitrate his disputes against Petitioners in Duval County, Florida (in consideration for Petitioners dismissing the Prior Petition without prejudice), and after being informed by Petitioners that he must proceed with his disputes in arbitration in

the precise manner set forth in the Agreement—*i.e.*, in Duval County, Florida, and applying Florida law, as opposed to in Orange County, California, and applying California law—Respondent has repeatedly: (1) ignored his contractual obligations and binding authority that require arbitration to proceed in the manner set forth in the Agreement; (2) has misled JAMS and abused the JAMS administrative process to his advantage, resulting in severe prejudice to Petitioners; and (3) has expressly stated his intent (in writing on March 31, 2026) to oppose any attempt by Petitioners to enforce their rights and have arbitration proceed in the contractually-agreed manner.

43.    Petitioners have faced and will continue to face severe prejudice by: (1) being forced to continue with California administration of the Demand by JAMS; (2) having the JAMS Employment Arbitration Minimum Standards apply; (3) the significant likelihood that JAMS's California administration appoint a California arbitrator at Respondent's insistence; and (4) Respondent's position that Petitioners have no entitlement to enforcing the express terms concerning the appropriate venue and choice of law for arbitration.

44.    The Agreement containing the arbitration clause attached to this Petition as Exhibit A affects commerce within the meaning of the FAA because Petitioner AEW is a professional wrestling promotion that holds live, televised events throughout the United States as well as internationally, and Respondent contracted to perform at AEW's live events.

45.     Further, because the contract in question is one that affects commerce, the arbitration provision contained within that contract is valid, irrevocable and enforceable within the meaning of 9 U.S.C. § 2.

46.     The FAA, therefore, provides this Court with the authority to enter an order "directing that such arbitration proceed in the manner provided for in such agreement," which includes the Court's authority to enter an order requiring that all future administration and proceedings regarding Respondent's Demand take place in Duval County, Florida, under Florida law, and applying the JAMS Comprehensive Arbitration Rules and Procedures. 9 U.S.C. § 4; *see, e.g., Sterling Fin. Inv. Group, Inc. v. Hammer*, 393 F.3d 1223 (11th Cir. 2004) (staying an arbitration proceeding (pre-arbitrator selection) in Houston, Texas and compelling arbitration in Boca Raton, Florida, consistent with the parties' agreement to arbitrate in Florida); Order Granting Motion to Compel Arbitration and Closing Case, attached as **Exhibit F**; *see also Jules v. Andre Balazs Properties et al.*, No. 25-85, at pp. 1–2, 608 U.S. __ (2026) ("The FAA authorizes a party to an arbitration agreement to seek several kinds of assistance from a federal court," including facilitating the proceedings during arbitration or enforcing compliance with the terms of an arbitration agreement (internal quotation marks omitted)), attached as **Exhibit G**.

### Count II: Petition for Declaratory Judgment Under 28 U.S.C. § 2201

47.     Petitioners reallege and reincorporate Paragraphs 6 through 37 as if fully set forth herein.

14

48.    Respondent's actions, including his refusal to perform under and abide by the express terms of the Agreement, have violated Petitioners rights under the Agreement and, accordingly, under 28 U.S.C. § 2201.

49.    Since Respondent filed his Demand, Petitioners have suffered injury because they have been forced by Respondent (via his misrepresentations to JAMS) to arbitrate in Orange County, California, in violation of the express terms of the Agreement.

50.    Since Respondent filed his Demand, Petitioners have also suffered injury because Respondent refuses to comply with the Agreement's Florida choice of law provision.

51.    Petitioners stand to suffer future harm if this Court does not order Respondent to comply with the express terms of his Agreement: (1) because of Respondent's stated intent to continue misleading JAMS by advocating against the application of Florida law and venue to his Demand; and (2) by Petitioners being forced (based on Respondent's misrepresentations) to arbitrate in a manner other than what was expressly agreed to by the Parties.

WHEREFORE, Petitioners respectfully request that this Court enter judgment for Petitioners:

(a)    Declaring the arbitration clause, forum selection clause, and choice of law clause in Exhibit A valid and enforceable against Respondent as to both Petitioners;

15

(b)    Ordering Respondent to arbitrate his claims against Petitioners in the express manner set forth under the applicable agreement to arbitrate by:

      i.  ordering Respondent to transfer the administration and all further proceedings regarding Respondent's Arbitration Demand to the JAMS administrative office nearest to Duval County, Florida;

      ii.  further ordering that arbitration must occur in Duval County, Florida, as set forth in the arbitration agreement; and

      iii.  requiring that the JAMS administrator and any arbitrator selected to preside over the arbitration must: (1) apply Florida law to Respondent's claims; and (2) conduct all administrative matters and other proceedings in accordance with the JAMS Comprehensive Arbitration Rules and Procedures, and the standards governing arbitration proceedings generally (*i.e.,* not the Employment Arbitration Minimum Standards);

(c)    permanently enjoining Respondent from prosecuting an arbitration in violation of any portion of the parties' Agreement;

(d)    Ordering Respondent to pay Petitioners' reasonable attorneys' fees and costs incurred in this proceeding and the improperly commenced arbitration; and

(e)    Any other such relief to which Petitioners may be entitled.

16

Respectfully submitted,

**JACKSON LEWIS P.C.**

Dated: June 5, 2026

By:    /s/ *B. Tyler Wh*ite
B. Tyler White
Florida Bar No. 0038213
tyler.white@jacksonlewis.com
James D. McGuire
Florida Bar No. 1032198
james.mcguire@jacksonlewis.com
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
904-638-2655

*Counsel for Petitioners*

17