# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ALL ELITE WRESTLING, LLC, a Delaware limited liability company, and ANTONY KHAN in his capacity as the Chief Executive Officer, General Manager, and Head of Creative of All Elite Wrestling, LLC**

**Petitioners,**

**v.** **Case No. 3:26-cv-___________**

**RYAN NEMETH,**

**Respondent.**
**_____________________________________/**

**<u>DECLARATION OF B. TYLER WHITE</u>**

I, B. Tyler White, am over 18 years of age and competent to testify to the matters contained in this Declaration.

1. I am an attorney duly licensed to practice law in Florida and am lead counsel for Petitioners, All Elite Wrestling, LLC and Antony Khan.

2. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness, I could and would testify competently thereto.

3. I am familiar with the Respondent and his counsel through my representation of the Petitioners in this matter.

4. I am aware that Petitioners and Respondent entered into a series of Independent Contractor Wrestler Agreements[1] (the "Agreements"), with the most recent Agreement having an effective date of March 1, 2023.

5. The Agreements provide that "any dispute relating to any matter arising under this Agreement or any dispute concerning the performance, application or interpretation of any provision of this Agreement are to be resolved by final, binding, and conclusive arbitration conducted before a single arbitrator in Duval County, Florida and administered by JAMS, Inc. pursuant to its Comprehensive Arbitration Rules and Procedures." *See* Exhibit 1.

6. On February 21, 2025, Respondent filed a civil action in the Superior Court of Los Angeles County, California, Case No. 25STCV05002, bringing claims against Petitioners for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Intentional Interference with Prospective Advantage.

7. In response, Petitioners commenced an action in the United States District Court for the Middle District of Florida, Jacksonville Division, on March 14, 2025, to compel Respondent to submit his claims to arbitration as required.

8. After serving Respondent with the Petition, on March 27, 2025, I contacted Respondent's counsel to inquire if Respondent would consent to arbitration.

[1] Contemporaneously with the filing of this Declaration, Petitioners will file a Motion seeking permission to file a copy of Respondent's Independent Contractor Wrestler Agreement with AEW (Exhibit 1) under seal, due to the Confidentiality provision in each of the agreements. In lieu of attaching fully redacted versions to this Petition, Petitioners have inserted placeholder pages for this Exhibit.

9. On April 7, 2025, I received notice from Respondent's counsel that Respondent agreed to "move forward with the arbitration." *See* Exhibit 2. Specifically, and particularly relevant to the present dispute, this was after I wrote Respondent's counsel on April 4, 2025, stating: "I wanted to follow back up with you from our conversation this week regarding Mr. Nemeth stipulating to arbitration in Duval County, Florida." *Id.* On April 7, 2025, Respondent's counsel then responded to that email stating: "So I'm going to recommend my client [sic] that we move forward with the arbitration." *Id.*

10. Based on my communications with Respondent's counsel, I reasonably presumed that in exchange for Petitioners dismissing the Petition, that Respondent would move forward with filing the arbitration in Florida. *Id.*

11. On April 14, 2025, Petitioners filed a voluntarily dismissal without prejudice to dismiss the Petition.

12. The Court dismissed the action without prejudice on April 15, 2025.

13. On or about November 10, 2025, instead of filing for arbitration in Duval County, Florida, as required and agreed, Respondent filed his Demand for Arbitration with JAMS in Orange County, California. *See* Exhibit 3.

14. On November 20, 2025, I received notice from JAMS (with Respondent's counsel copied) that, in addition to the claims Respondent brought in the Demand, he was also asserting, via email and not in his formal arbitration demand, an assortment of factually unsupported claims under the California Labor Code. *See* Exhibit 4.

15. On November 20, 2025, I responded to JAMS and Respondent's counsel that the Agreement provides that the arbitration will be held in Duval County, Florida. *See id.*

16. In these exchanges with Respondent's counsel and JAMS, I further explained that: (1) that Sections 16.1 and 17.8 of the Agreement require Respondent to arbitrate his claims, (a) in Duval County, Florida—not Orange County, California, and (b) under applicable Florida law—not the inapplicable California law; and (2) that the proceeding is not an employment arbitration because Respondent conducted work as an independent contractor; therefore, employment arbitration rules, standards, and procedures are inapplicable. *See id.*

17. Respondent's counsel replied stating that the California Labor Code 925 "voids the agreement to arbitrate in Florida and the choice of law provision." *See Id*.

18. To date, Respondent has not amended his Demand to include any employment claims.

19. On December 16, 2025, I received a letter from JAMS noting that "arbitration shall be conducted in accordance with the JAMS Comprehensive Arbitration Rules and Procedures," but requiring Petitioners to pay $1,600.00 of the non-refundable, $2,000 filing fee "[u]nder the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness" (the "Employment Arbitration Minimum Standards"). *See* Exhibit 5.

20. On January 14, 2026, and to avoid potential liability for sanctions under California Code of Civil Procedure sections 1281.97 – 1281.99, I, on behalf of Petitioners, paid the filing fee to JAMS. *See* Exhibit 6.

21. On January 14, 2026, I simultaneously filed a Notice of Preservation of Arguments Subject to Paying the Filing Fee, preserving Petitioners' right to maintain their position that arbitration is to be in Duval County, Florida. *See* Exhibit 7.

22. On February 12, 2026, I received another letter from JAMS stating that "the list of arbitrator candidates will include candidates based in either Florida or California who are readily available to travel to either location," and that "objections regarding location and choice of law should be raised with the arbitrator after their appointment." *See* Exhibit 8.

23. On March 16, 2026, JAMS issued its "Commencement of Employment Arbitration" (the "Commencement Notice") providing the parties with the arbitrator pool and giving each until March 24, 2026, to submit an arbitrator ranking and strike list.

24. The Commencement notice contained ten (10) potential arbitrators: six (6) were from California; one (1) was from New York; and only three (3) were from Florida. The Commencement Notice further provided that each party may strike only two (2) arbitrators and should rank the remaining candidates.

25. On March 23, 2026, Petitioners responded to the Commencement Notice with a Request to Replace Arbitrator Candidates and for a Reasonable Extension of Time to Strike and Rank Arbitrator Candidates. In the Request, Petitioners noted that

"JAMS has consistently represented to the parties that, presumably in the interest of fairness because of disputed issues among the parties that have been well-documented to date, the proposed list of arbitrators would contain arbitrators from Florida and California. However, of the ten (10) Arbitrator Candidates, only three (3) are from Florida, six (6) are from California, and one (1) is from New York—that provides Respondents with only three (3) chances to have a Florida arbitrator appointed (as they maintain is appropriate under the applicable arbitration agreement), while Petitioner, Ryan Nemeth, has seven (7) opportunities to have a non-Florida arbitrator appointed (consistent with his position). This three-to-seven ratio provides Petitioner with a fundamentally unfair advantage of Claimant having an arbitrator of his choosing appointed, while making it exceedingly difficult, if not impossible, for Respondents to even complete and submit their ranking and strike list in good faith. [B]ecause of the prejudice that Respondents stand to face by allowing Petitioner to have four (4) more favorable Arbitrator Candidates to rank than Respondents, while Petitioner may also use his two (2) strikes and the ranking system to eliminate any possibility of a Florida arbitrator being appointed, inevitably leading to the appointment of an arbitrator of Petitioner's choosing. Respondents have not been granted that same opportunity." *See* Exhibit 9.

26. On March 31, 2026, I received an email from Respondent's counsel addressed to me and JAMS stating "California law is clear. This matter must be arbitrated in California pursuant to Labor Code Section 925. Thus, Respondents'

objections to the ratio of Florida arbitrators to California arbitrators are misplaced, as this matter unequivocally will not be arbitrated in Florida." *See* Exhibit 10.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct to the best of my information, knowledge, and belief. This 5th day of June, 2026.

*/s/B. Tyler White*
B. Tyler White

# Exhibit 1

ALL ELITE WRESTLING

INDEPENDENT CONTRACTOR WRESTER AGREEMENT

Page 1-23

# Exhibit 2

**From:** Mike Caspino <mcaspino@pricecaspino.com>
**Sent:** Monday, April 7, 2025 4:46 PM
**To:** White, B. Tyler (Jacksonville)
**Cc:** McGuire, James D. (Jacksonville); Price, Alexandrea (Jacksonville); Sarah.Mitchell@lw.com; JOE.FARRELL@lw.com
**Subject:** Re: AEW, et al v. Ryan Nemeth (Florida)

External email

Contains topics of a financial nature

So I'm going to recommend my client that we move forward with the arbitration. I just need to get a hold of him today to make sure that he is good with that. I'll be back to you very shortly on this.

Michael W. Caspino
Price Caspino, LLP

On Apr 7, 2025, at 12:53 PM, White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com> wrote:

Mike,

Any word on this? Can we expect to hear from you today? Thanks.

**B. Tyler White** (Tyler)
Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655
Tyler.White@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Mike Caspino <mcaspino@pricecaspino.com>
**Sent:** Friday, April 4, 2025 11:24 AM
**To:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Cc:** McGuire, James D. (Jacksonville) <James.McGuire@jacksonlewis.com>; Price, Alexandrea (Jacksonville) <Alexandrea.Price@Jacksonlewis.com>; Sarah.Mitchell@lw.com; JOE.FARRELL@lw.com
**Subject:** Re: AEW, et al v. Ryan Nemeth (Florida)

I'll be in the office this afternoon. I'll get back to you then. Otherwise, if it's too late in the day for you,first thing Monday. Thanks much.

Michael W. Caspino
Price Caspino, LLP

On Apr 4, 2025, at 8:20 AM, White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com> wrote:

Good morning, Mike.

I hope you are well. I wanted to follow back up with you from our conversation this week regarding Mr. Nemeth stipulating to arbitration in Duval County, Florida. I know you said you were aiming to get back to me by today. Have you had a chance to make any decisions on that? Just let us know and we can discuss next steps. Thank you.

**B. Tyler White** (Tyler)
Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655
Tyler.White@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Mike Caspino <mcaspino@pricecaspino.com>
**Sent:** Tuesday, April 1, 2025 1:55 PM
**To:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Cc:** McGuire, James D. (Jacksonville) <James.McGuire@jacksonlewis.com>; Price, Alexandrea (Jacksonville) <Alexandrea.Price@Jacksonlewis.com>; Sarah.Mitchell@lw.com; JOE.FARRELL@lw.com
**Subject:** Re: AEW, et al v. Ryan Nemeth (Florida)

Sorry. I had a travel day from hell yesterday. I'll try to catch up with you later today. Tomorrow at the latest.

Michael W. Caspino
Price Caspino, LLP

On Apr 1, 2025, at 1:38 PM, White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com> wrote:

Hi Mike,

Just checking back in with you on this. Let me know when you get a chance. Thank you.

**B. Tyler White** (Tyler)
Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655
Tyler.White@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Mike Caspino <mcaspino@pricecaspino.com>
**Sent:** Friday, March 28, 2025 6:46 PM
**To:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Cc:** McGuire, James D. (Jacksonville) <James.McGuire@jacksonlewis.com>; Price, Alexandrea (Jacksonville) <Alexandrea.Price@Jacksonlewis.com>; sarah.mitchell@lw.com; <JOE.FARRELL@lw.com> <JOE.FARRELL@lw.com>
**Subject:** RE: AEW, et al v. Ryan Nemeth (Florida)

Ill be back in the office Monday and I will connect with you then.

**Mike Caspino**
<image005.jpg>
30442 Esperanza
Rancho Santa Margarita, CA 92688
Cell: 714.904.0389
Email: mcaspino@pricecaspino.com
www.pricecaspino.com

---

**From:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Sent:** Friday, March 28, 2025 3:45 PM
**To:** Mike Caspino <mcaspino@pricecaspino.com>
**Cc:** McGuire, James D. (Jacksonville) <James.McGuire@jacksonlewis.com>; Price, Alexandrea (Jacksonville) <Alexandrea.Price@Jacksonlewis.com>; sarah.mitchell@lw.com; <JOE.FARRELL@lw.com> <JOE.FARRELL@lw.com>
**Subject:** RE: AEW, et al v. Ryan Nemeth (Florida)

Mr. Caspino,

I am following up on the below. Please let me hear from you at your earliest convenience.

<image006.png> **B. Tyler White** (Tyler)
Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655
Tyler.White@jacksonlewis.com | www.jacksonlewis.com

---

**From:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Sent:** Thursday, March 27, 2025 3:59 PM
**To:** mcaspino@pricecaspino.com
**Cc:** McGuire, James D. (Jacksonville) <James.McGuire@jacksonlewis.com>; Price, Alexandrea (Jacksonville) <Alexandrea.Price@Jacksonlewis.com>; sarah.mitchell@lw.com; <JOE.FARRELL@lw.com> <JOE.FARRELL@lw.com>
**Subject:** AEW, et al v. Ryan Nemeth (Florida)

Mr. Caspino,

As you may be aware, our Firm represents All Elite Wrestling, LLC and Tony Khan with respect to the Petition to Compel Arbitration filed against your client, Ryan Nemeth, in the United States District Court for the Middle District of Florida (the "Florida Action"). Now that Mr. Nemeth has been formally served with a Summons and a copy of the Petition to Compel Arbitration, we wanted to reach out to you regarding the following:

1. Please advise if you intend to represent Mr. Nemeth in the Florida Action.
2. If you do not intend to represent Mr. Nemeth in the Florida Action, please let us know if and when Mr. Nemeth has retained Florida counsel.
3. We need to confer with Mr. Nemeth's Florida counsel regarding the Motion to File Exhibits Under Seal we filed with the district court. Specifically, we need to know whether Mr. Nemeth consents to his Agreements with AEW, which have confidentiality provisions, being filed under seal.

4. We also need to confer with Mr. Nemeth's Florida counsel regarding a Motion to Compel Arbitration we intend to file.

If a call would be helpful to discuss any of this, we are happy to set one up. We look forward to hearing from you or Mr. Nemeth's Florida counsel.

<image006.png> **B. Tyler White** (Tyler)
Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655
Tyler.White@jacksonlewis.com | www.jacksonlewis.com

# Exhibit 3

# Demand For Arbitration - Ryan Nemeth vs. All Elite Wrestling LLC #5200002875

## Submission Date: 11/10/2025

### 1. JAMS Local Center

JAMS resolution center Requested Hearing Location

Orange County, California

### 2. Rules & Fees

Arbitration Rules

JAMS Employment Arbitration Rules and Procedures

Filing & Submission Fees

◉ Employee is submitting party and for matters based on a clause or agreement that is required as a condition of employment, employee pays no more than $400 . Employer pays the balance of filing fee.

---

### 3.Claimant(s)

1.Ryan Nemeth
CA

### Claimant Representatives

A.Helena Laskey
Price Caspino LLP
357638CA
30442 Esperanza
92688 Rancho Santa Margarita CA
949.899.9188
hlaskey@pricecaspino.com

B.Michael Caspino
Price Caspino LLP
171906CA
30442 Esperanza
92688 Rancho Santa Margarita CA
949.899.9188
mcaspino@pricecaspino.com

---

### 4.Respondent(s)

### Respondent Representatives

| | |
|---|---|
| 1. All Elite Wrestling LLC<br>One EverBank Field Drive<br>32202 Jacksonville FL | A.B. Tyler White<br>Jackson Lewis P.C.<br>0038213FL<br>501 Riverside Avenue, Suite 902<br>32202 Jacksonville FL<br>904-638-2655<br>tyler.white@jacksonlewis.com |
| 2.Tony Khan | A.B. Tyler White<br>Jackson Lewis P.C.<br>0038213FL<br>501 Riverside Avenue, Suite 902<br>32202 Jacksonville FL<br>904-638-2655<br>tyler.white@jacksonlewis.com |
| 3.Phil Brooks | A.B. Tyler White<br>Jackson Lewis P.C.<br>0038213FL<br>501 Riverside Avenue, Suite 902<br>32202 Jacksonville FL<br>904-638-2655<br>tyler.white@jacksonlewis.com |

## 5. Nature of Dispute

In addition to the claims detailed in the attached complaint, Claimant includes the following causes of action: - Failure to pay minimum wage - Failure to provide meal and rest breaks - Failure to pay overtime - Failure to furnish accurate itemized wage statements - Failure to pay all wages owed - Failure to pay waiting time penalties - Failure to reimburse expenses - Failure to provide complete access to employee personnel file and payroll records in violation of CA Labor Code sections 226, 432, and 1198.5 - Defamation - Wrongful termination in violation of public policy

Amount in Controversy $ 2000000

- 2025 0221 Complaint.pdf Other

## 6. Agreement

Paragraph 16, located on page 17 of the attached contract.

- Nemeth Most Recent Contract (March 2023).pdf Other

## 7. Consumer & Employment

- NO, this is not a CONSUMER ARBITRATION
- Decline to state

## 8. Submission information

Name Helena Laskey
Address 30442 Esperanza
Zip Code 92688
City Rancho Santa Margarita
State CA
Phone 9498999188
E-mail hlaskey@pricecaspino.com

**PROOF OF SERVICE**
**(CCP § 1013A(3))**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 30442 Esperanza, Rancho Santa Margarita, California 92688.

On **November 10, 2025,** I served the foregoing document(s) described as **JAMS DEMAND FOR ARBITRATION** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| B. Tyler White (0038213)<br>Jackson Lewis P.C.<br>501 Riverside Ave., Suite 902<br>Jacksonville, FL 32202 | Tel: (904) 638-2655<br><br>Email:<br>tyler.white@jacksonlewis.com<br><br>*Attorneys for Defendants All Elite Wrestling, Tony Khan, and Phil Brooks* |

☐ **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Price Caspino, LLP in Rancho Santa Margarita, California on **November 10, 2025.** The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☐ **BY FACSIMILE AND MAIL** I caused the above-named document(s) to be sent via facsimile transmission to the law office(s) and facsimile number(s) stated above. The transmission was reported as complete and without error. A copy of the transmission report(s) is(are) made a part of this proof of service pursuant to CRC §2.306. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The correspondence will be deposited in an envelope with the United States Postal Service this day in the ordinary course of business for mailing to the address(es) shown above. The envelope was sealed and placed for collection and mailing with the United States Postal Service at Price Caspino, LLP in Rancho Santa Margarita, California on **November 10, 2025** following ordinary business practices.

☐ **BY OVERNIGHT DELIVERY** On **November 10, 2025**, I placed the FedEx/GSO package for overnight delivery in a box or location regularly maintained by FedEx/GSO at my office, or I delivered the package to an authorized courier or driver authorized by FedEx/GSO to receive documents. The package was placed in a sealed envelope or package designated by FedEx/GSO with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above, as last given by that person on any document filed in

the cause; otherwise at that party's place of residence.

☐ **BY PERSONAL DELIVERY** On **November 10, 2025**, I placed the above-referenced envelope or package in a box or location regularly maintained at my office for our messenger/courier service or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents. The package was placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown above as last given by that person on any document filed in the cause. The messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

☒ **BY EMAIL** On **November 10, 2025**, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☐ **BY ELECTRONIC SERVICE** On **November 10, 2025**, via electronic transmission through InfoTrak e-service via Smokeball as a scanned image of the document.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on **November 10, 2025**, at Rancho Santa Margarita, California.

Helena Laskey

# Exhibit 4

**From:** Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Sent:** Tuesday, November 25, 2025 4:04 PM
**To:** White, B. Tyler (Jacksonville); Mike Caspino
**Cc:** Helena Laskey; Bohn, Jacob R. (Jacksonville)
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873 - Nemeth v. AEW et al

Counsel,

I am confirming receipt of the emails below regarding this matter.

If either party wishes to submit additional information, please do so by close of business on **December 2**.

If no further information is submitted by that date, the issues will be considered under review, and I will follow up with the parties as soon as possible.

**Jen Rodriguez**
Arbitration Practice Consultant
P: 213-253-9780
JRodriguez@jamsadr.com

*For complex mediation, the choice is simple. JAMS offers a respected panel of highly experienced mediators, who resolve California's most challenging disputes. **Learn more**.*

**From:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Sent:** Thursday, November 20, 2025 10:09 AM
**To:** Mike Caspino <mcaspino@pricecaspino.com>; Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Cc:** Helena Laskey <hlaskey@pricecaspino.com>; Bohn, Jacob R. (Jacksonville) <Jake.Bohn@jacksonlewis.com>
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873 - Nemeth v. AEW et al

**Caution:** This email originated from outside JAMS. Do not click on links, scan QR codes, or open attachments unless you recognize the sender and know the content is safe. !

Moreover, all of these claims are not under the California Labor Code, including any claim against Phil Brooks, and the breach of contract claim. Finally, most of the services Claimant performed were NOT performed in California.

**B. Tyler White** (Tyler)

Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655
Tyler.White@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Mike Caspino <mcaspino@pricecaspino.com>
**Sent:** Thursday, November 20, 2025 12:59 PM
**To:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>; Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Cc:** Helena Laskey <hlaskey@pricecaspino.com>; Bohn, Jacob R. (Jacksonville) <Jake.Bohn@jacksonlewis.com>
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873 - Nemeth v. AEW et al

I respectfully suggest that you confer with a California employment lawyer on these issues. An "independent contractor " agreement is not dispositive under California law, with regard to whether a Claimant has been misclassified. *Labor Code* section 925 voids the agreement to arbitrate in Florida and the choice of law provision.

Thanks

**Mike Caspino**
**Price Caspino**
30442 Esperanza
Rancho Santa Margarita, CA 92688
Cell: 714.904.0389
Email: mcaspino@pricecaspino.com
www.pricecaspino.com

---

**From:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Sent:** Thursday, November 20, 2025 9:53 AM
**To:** Mike Caspino <mcaspino@pricecaspino.com>; Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Cc:** Helena Laskey <hlaskey@pricecaspino.com>; Bohn, Jacob R. (Jacksonville) <Jake.Bohn@jacksonlewis.com>
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873 - Nemeth v. AEW et al

There are no facts alleged in that summary. Once again, Respondent's position is this is not an employment case, but even if it were, the Arbitration must be held in Duval County, Florida by a Florida arbitrator pursuant to the Independent Contractor Agreement and the arbitration provision.

**B. Tyler White** (Tyler)
Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655

Tyler.White@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Mike Caspino <mcaspino@pricecaspino.com>
**Sent:** Thursday, November 20, 2025 12:52 PM
**To:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>; Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Cc:** Helena Laskey <hlaskey@pricecaspino.com>; Bohn, Jacob R. (Jacksonville) <Jake.Bohn@jacksonlewis.com>
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873 - Nemeth v. AEW et al

This is most certainly an employment case. Here is our summary of claims filed in this case:

In addition to the claims detailed in the attached complaint, Claimant includes the following causes of action: - Failure to pay minimum wage - Failure to provide meal and rest breaks - Failure to pay overtime - Failure to furnish accurate itemized wage statements - Failure to pay all wages owed - Failure to pay waiting time penalties - Failure to reimburse expenses - Failure to provide complete access to employee personnel file and payroll records in violation of CA Labor Code sections 226, 432, and 1198.5 - Defamation - Wrongful termination in violation of public policy

**Mike Caspino**
**Price Caspino**
30442 Esperanza
Rancho Santa Margarita, CA 92688
Cell: 714.904.0389
Email: mcaspino@pricecaspino.com
www.pricecaspino.com

---

**From:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Sent:** Thursday, November 20, 2025 9:41 AM
**To:** Mike Caspino <mcaspino@pricecaspino.com>; Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Cc:** Helena Laskey <hlaskey@pricecaspino.com>; Bohn, Jacob R. (Jacksonville) <Jake.Bohn@jacksonlewis.com>
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873 - Nemeth v. AEW et al

Misclassification is not an enumerated count in the Complaint you filed with the Court. Respondent disagrees that this is an employment case.

JL
**B. Tyler White** (Tyler)
Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655
Tyler.White@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Mike Caspino <mcaspino@pricecaspino.com>
**Sent:** Thursday, November 20, 2025 12:34 PM

**To:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>; Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Cc:** Helena Laskey <hlaskey@pricecaspino.com>; Bohn, Jacob R. (Jacksonville) <Jake.Bohn@jacksonlewis.com>
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873 - Nemeth v. AEW et al

It is a misclassification case. Thus, an employment case under California law.

**Mike Caspino**
**Price Caspino**
30442 Esperanza
Rancho Santa Margarita, CA 92688
Cell: 714.904.0389
Email: mcaspino@pricecaspino.com
www.pricecaspino.com

---

**From:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Sent:** Thursday, November 20, 2025 9:24 AM
**To:** Mike Caspino <mcaspino@pricecaspino.com>; Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Cc:** Helena Laskey <hlaskey@pricecaspino.com>; Bohn, Jacob R. (Jacksonville) <Jake.Bohn@jacksonlewis.com>
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873 - Nemeth v. AEW et al

This is not an employment case. Claimant was an independent contractor as evidenced by the Agreement. The claimant did not primarily perform services for Respondent in the State of California and the Agreement controls this issue.

**B. Tyler White** (Tyler)
Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655
Tyler.White@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Mike Caspino <mcaspino@pricecaspino.com>
**Sent:** Thursday, November 20, 2025 12:07 PM
**To:** Jennifer Rodriguez <JRodriguez@jamsadr.com>; White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Cc:** Helena Laskey <hlaskey@pricecaspino.com>; Bohn, Jacob R. (Jacksonville) <Jake.Bohn@jacksonlewis.com>
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873 - Nemeth v. AEW et al

Good morning,

I can respond right now. This is an employment case. At all relevant times, the Claimant resided in and primarily worked in the State of California. Therefore, *California Labor Code* section 925 applies. That section reads as follows:

> 925. (a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:

(1) Require the employee to adjudicate outside of California a claim arising in California.

(2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

(b) Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute.

(c) In addition to injunctive relief and any other remedies available, a court may award an employee who is enforcing his or her rights under this section reasonable attorney's fees.

(d) For purposes of this section, adjudication includes litigation and arbitration.

(e) This section shall not apply to a contract with an employee who is in fact individually represented by legal counsel in negotiating the terms of an agreement to designate either the venue or forum in which a controversy arising from the employment contract may be adjudicated or the choice of law to be applied.

(f) This section shall apply to a contract entered into, modified, or extended on or after January 1, 2017.

I know JAMS is very well acquainted with Labor Code section 925 issues. Thus, the case must be adjudicated in the State of California.

Thanks

**Mike Caspino**
Price Caspino
30442 Esperanza
Rancho Santa Margarita, CA 92688
Cell: 714.904.0389
Email: mcaspino@pricecaspino.com
www.pricecaspino.com

---

**From:** Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Sent:** Thursday, November 20, 2025 8:01 AM
**To:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Cc:** Helena Laskey <hlaskey@pricecaspino.com>; Mike Caspino <mcaspino@pricecaspino.com>; Bohn, Jacob R. (Jacksonville) <Jake.Bohn@jacksonlewis.com>
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873 - Nemeth v. AEW et al

Mr. White, this confirms receipt of your email.

**Claimant's counsel**,

Due to the upcoming holiday, please provide a response to the below by close of business, Monday, December 2, 2025.

Thank you!

**Jen Rodriguez**
Arbitration Practice Consultant
P: 213-253-9780
JRodriguez@jamsadr.com

*For complex mediation, the choice is simple. JAMS offers a respected panel of highly experienced mediators, who resolve California's most challenging disputes.* ***Learn more***.

---

**From:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Sent:** Thursday, November 20, 2025 4:01 AM
**To:** Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Cc:** Yvette Valadez <YValadez@jamsadr.com>; hlaskey@pricecaspino.com; mcaspino@pricecaspino.com; Bohn, Jacob R. (Jacksonville) <Jake.Bohn@jacksonlewis.com>
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873 - Nemeth v. AEW et al

**Caution:** This email originated from outside JAMS. Do not click on links, scan QR codes, or open attachments unless you recognize the sender and know the content is safe.

Ms. Rodriguez,

On behalf of Respondent, I would like to note that the Arbitration provision in the agreement between the parties requires the arbitration in this matter to be held in Duval County, Florida before a Florida arbitrator. I see that the demand has referenced Orange County, California. To the extent that affects who is assigned as Arbitration Practice Consultant to this matter, I believe this issue should be sorted out first.

**B. Tyler White** (Tyler)
Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655
Tyler.White@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Yvette Valadez <YValadez@jamsadr.com>
**Sent:** Wednesday, November 19, 2025 7:03 PM
**To:** hlaskey@pricecaspino.com; mcaspino@pricecaspino.com
**Cc:** Jennifer Rodriguez <JRodriguez@jamsadr.com>; White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Subject:** RE: CONFIRMATION: DEMAND SUBMISSION - 5200002873

Thank you for submitting your Demand for Arbitration to JAMS.

We are creating a file for your matter. Jen Rodriguez, Arbitration Practice Consultant, who is part of our Arbitration Demand Intake team, will be contacting you in the near future to discuss the next steps.

This case will be administered utilizing JAMS Access. JAMS Access will allow you to upload and view case related documents, view and pay invoices, and view case calendar dates. If this is your first-time using JAMS Access, please register and create a new account at: https://access.jamsadr.com.

Should you have any questions in the meantime, please feel free to contact Jen directly at jrodriguez@jamsadr.com or 213-253-9780.

Best regards,

**Yvette Valadez**

Arbitration Practice Coordinator
P: 714-937-8243
YValadez@jamsadr.com

*For complex mediation, the choice is simple. JAMS offers a respected panel of highly experienced mediators, who resolve even the most challenging disputes.* ***Learn more***.

JAMS Access

## A NEW DEMAND FOR ARBITRATION WAS SUBMITTED BY HELENA LASKEY

Reference: #5200002873

LOGIN TO SEE CASE SUBMISSION

LOGIN TO SEE CASE SUBMISSION

### Submission Information

Helena Laskey
30442 Esperanza
Rancho Santa Margarita
CA
92688
9498999188
hlaskey@pricecaspino.com

---

**JAMS Resolution Center**

Orange County, California

**Requested Hearing Location**

**Arbitration Rules**

JAMS Employment Arbitration Rules and Procedures

**Filling & Submission Fees Details:**

Employee is submitting party and for matters based on a clause or agreement that is required as a condition of employment, employee pays no more than $400 . Employer pays the balance of filing fee.

Filing & submission fees *

---

| Claimants | Claimant Representative(s) |
| --- | --- |
| **1.** Ryan Nemeth<br>CA | **A.** Helena Laskey<br>Price Caspino LLP<br>357638CA<br>30442 Esperanza<br>Rancho Santa Margarita<br>CA<br>92688<br>949.899.9188<br>hlaskey@pricecaspino.com<br><br>**B.** Michael Caspino<br>Price Caspino LLP<br>171906CA<br>30442 Esperanza |

Rancho Santa Margarita
CA
92688
949.899.9188
mcaspino@pricecaspino.com

---

| Respondent(s) | Respondent Representative(s) |
| --- | --- |
| **1.** All Elite Wrestling LLC<br>One EverBank Field Drive<br>Jacksonville<br>FL<br>32202 | **A.** B. Tyler White<br>Jackson Lewis P.C.<br>0038213FL<br>501 Riverside Avenue, Suite 902<br>Jacksonville<br>FL<br>32202<br>904-638-2655<br>tyler.white@jacksonlewis.com |
| **2.** Tony Khan | **A.** B. Tyler White<br>Jackson Lewis P.C.<br>0038213FL<br>501 Riverside Avenue, Suite 902<br>Jacksonville<br>FL<br>32202<br>904-638-2655<br>tyler.white@jacksonlewis.com |
| **3.** Phil Brooks | **A.** B. Tyler White<br>Jackson Lewis P.C.<br>0038213FL<br>501 Riverside Avenue, Suite 902<br>Jacksonville<br>FL<br>32202<br>904-638-2655<br>tyler.white@jacksonlewis.com |

---

## Nature of Dispute

### Claims and Relief Sought by Claimant

In addition to the claims detailed in the attached complaint, Claimant includes the following causes of action: - Failure to pay minimum wage - Failure to provide meal and rest breaks - Failure to pay overtime - Failure to

furnish accurate itemized wage statements - Failure to pay all wages owed - Failure to pay waiting time penalties - Failure to reimburse expenses - Failure to provide complete access to employee personnel file and payroll records in violation of CA Labor Code sections 226, 432, and 1198.5 - Defamation - Wrongful termination in violation of public policy

**Amount in Controversy (U.S. dollars)** 2000000

### Related Documents

| | |
|---|---|
| **2025 0221 Complaint.pdf** | Other |

## Agreement

Paragraph 16, located on page 17 of the attached contract.

**N**

### Related Documents

| | |
|---|---|
| **Nemeth Most Recent Contract (March 2023).pdf** | Other |

## Consumer & Employment

This is NOT a **CONSUMER** ARBITRATION

Please do not reply directly to this email as you will not receive a response. For assistance, please visit our Contact Us center at access.jamsadr.com/support or call your Case Manager

# Exhibit 5

# NOTICE OF INTENT TO INITIATE ARBITRATION

NOTICE TO ALL PARTIES December 16, 2025

RE: **Nemeth, Ryan vs. All Elite Wrestling LLC, et al.**
Reference #: 5200002873

Dear Parties:

JAMS has received a Demand for Arbitration in the above-referenced matter pursuant to a mandatory pre-dispute arbitration clause contained in a contract between the parties.

Pursuant to the parties' pre-dispute arbitration agreement and JAMS policy, this arbitration shall be conducted in accordance with the JAMS Comprehensive Arbitration Rules and Procedures. It is important to familiarize yourself with the arbitration rules. A copy of these rules can be obtained by visiting our website at www.jamsadr.com.

The employee/Claimant has submitted $400.00 of the non-refundable Filing Fee. Under the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness, the employer/Respondent must pay the remaining $1600.00 of the non-refundable Filing Fee. Payment is due upon receipt. **Please note that California Code of Civil Procedure sections 1281.97 – 1281.99 may apply to the payment of fees for this arbitration.**

Upon receipt of the remaining Filing Fee from Respondent, JAMS will formally commence this matter and proceed with the arbitrator selection process.

Contact me at 213-253-9780 or JRodriguez@jamsadr.com if you have questions.

Sincerely,

Jennifer Rodriguez

Jennifer Rodriguez
Arbitration Practice Consultant
JRodriguez@jamsadr.com

# Exhibit 6

**From:** White, B. Tyler (Jacksonville)
**Sent:** Wednesday, January 14, 2026 7:35 PM
**To:** Jennifer Rodriguez; hlaskey@pricecaspino.com; mcaspino@pricecaspino.com
**Cc:** Pina, Megan M. (Jacksonville); McGuire, James D. (Orlando)
**Subject:** Re: Nemeth, Ryan vs. All Elite Wrestling LLC, et al. - JAMS Ref No. 5200002873

We do not represent Phil Brooks and this was already something we addressed with you/JAMS at the outset. Respondents AEW and Khan continue to object to this matter proceeding without one of the named parties' (Brooks) involvement.

**B. Tyler White** (Tyler)
Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655
Tyler.White@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Sent:** Wednesday, January 14, 2026 7:26:08 PM
**To:** hlaskey@pricecaspino.com <hlaskey@pricecaspino.com>; mcaspino@pricecaspino.com <mcaspino@pricecaspino.com>; White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>
**Cc:** Pina, Megan M. (Jacksonville) <Megan.Pina@jacksonlewis.com>; Price, Alexandrea (Jacksonville) <Alexandrea.Price@Jacksonlewis.com>
**Subject:** Nemeth, Ryan vs. All Elite Wrestling LLC, et al. - JAMS Ref No. 5200002873

Good afternoon counsel,

We are in receipt of “Respondent’s Notice of Preservation of Arguments Subjects to Paying the Filing Fee.” Attached is a copy of the current service list which is based on the Demand and proof of service of the Demand provided to JAMS.

Respondent’s counsel, please confirm whether your office represents Respondent Phil Brooks.

Thank you!

**Jen Rodriguez**
Arbitration Practice Consultant
P: 213-253-9780
JRodriguez@jamsadr.com

*For complex mediation, the choice is simple. JAMS offers a respected panel of highly experienced mediators, who resolve California's most challenging disputes. **Learn more**.*

# Exhibit 7

**JAMS CASE REFERENCE NO. 5200002873**

**Nemeth, Ryan,**

**Claimant,**

**v.**

**All Elite Wrestling LLC, et al.,**

**Respondents.**

---

**RESPONDENTS' NOTICE OF PRESERVATION OF ARGUMENTS SUBJECT TO PAYING THE FILING FEE**

Respondents, All Elite Wrestling LLC ("AEW") and Tony Khan, hereby file this Notice of Preservation of Arguments Subject to Paying the Filing Fee and state as follows:

On January 13, 2026, JAMS sent the parties a Final Request for Filing Fee From Respondent ("Final Request"). The Final Request states in pertinent part that "if the non-refundable Filing Fee of $1600.00 is not received within 30 days, JAMS will close the file." (Final Request). The Final Request further states that "**California Code of Civil Procedure sections 1281.97 – 1281.99 may apply to the payment of fees for this arbitration.**" (*Id.* (emphasis in original)). As such, AEW has remitted payment of the filing fee today, January 14, 2026, which is in advance of 30 days from receipt of the original invoice from JAMS requesting the filing fee, in order to avoid the consequences set forth in the California Code of Civil Procedure. However, such payment is being made subject to non-waiver of the following arguments/threshold issues:

1. Petitioner, Ryan Nemeth, has improperly commenced arbitration in California. Petitioner's Arbitration Agreement with AEW unequivocally requires arbitration to be commenced in Duval County, Florida.

2. JAMS and Petitioner have incorrectly applied employment and consumer rules and procedures to this arbitration, which is inconsistent with the plain language of Petitioner's Arbitration Agreement. Petitioner's Arbitration Agreement expressly provides for the application of the JAMS Comprehensive Arbitration Rules and Procedures to these proceedings. As such, JAMS has, among other discrepancies, inappropriately assigned payment for 80% of the $2,000 filing fee ($1,600) to AEW.[1] This is in direct violation of AEW's contractual rights. *See* 9 U.S.C. § 4.

3. Considering the plain language of Petitioner's contract with AEW, the default is that this action must be commenced as a commercial arbitration, unless and until either an arbitrator or a court of competent jurisdiction decides otherwise, regardless of the claims alleged by Petitioner. Commencing or otherwise construing this action as a "consumer" or "employment" arbitration is in direct violation of AEW's contractual rights. *See id.*

4. There is no indication that Petitioner has served Respondent Phil Brooks, who is a necessary party to this action. Commencing arbitration without the addition of Mr. Brooks is detrimental not only to his due process rights, but also to Respondents' rights because an arbitrator cannot afford complete relief regarding Petitioner's claims without Mr. Brooks being properly made a party to this action as there are specific claims made only against him.

For all of these reasons, AEW has remitted payment of the filing fee subject to the above objections. Respondents object to further action in this matter until the above threshold issues are resolved.

Dated: January 14, 2026

---

[1] AEW also reserves its right to seek a refund of the difference in the filing fee after addressing the issues outlined herein.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655

By: /s/B. Tyler White
B. Tyler White
Florida Bar No. 0038213
Tyler.White@jacksonlewis.com
Megan.Pina@jacksonlewis.com
JacksonvilleDocket@jacksonlewis.com

JACKSON LEWIS, P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440

James D. McGuire
Florida Bar No. 1032198
James.McGuire@jacksonlewis.com
Shelly.Rundell@jacksonlewis.com
OrlandoDocket@jacksonlewis.com

*Attorneys for Respondents, All Elite Wrestling LLC and Tony Khan*

**CERTIFICATE OF SERVICE**

This is to certify that on this 14th date of January, 2026, a true and correct copy of the foregoing has been uploaded via JAMS Access and served via electronic mail to the following case manager and counsel of record:

Jennifer Rodriguez
Arbitration Practice Consultant
jrodriguez@jamsadr.com
(213) 253-9780

*Case Manager*

Michael Caspino, Esq.
Helena Laskey, Esq.
30442 Esperanza Rancho
Santa Margarita, CA
mcaspino@pricecaspino.com
hlaskey@pricecaspino.com
alodwick@pricecaspino.com

*Attorneys for Claimant*

/s/ B. Tyler White
Attorney

# Exhibit 8

JAMS

NOTICE TO ALL PARTIES February 12, 2026

RE: **Nemeth, Ryan vs All Elite Wrestling LLC, et al.**
Reference #: 5200002873

Dear Parties:

JAMS has received and reviewed the parties' correspondence in this matter. I have been asked to notify you as follows:

JAMS has been presented with the All Elite Wrestling Independent Contractor Wrestler Agreement. The agreement provides for the arbitration of disputes at JAMS under JAMS Comprehensive Arbitration Rules.

Under the JAMS Comprehensive Rules, jurisdictional and arbitrability disputes, including disputes over the validity, interpretation, or scope of the agreement under which arbitration is sought, and who are proper parties to the arbitration, shall be submitted to and ruled on by the arbitrator. The arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter. See JAMS Comprehensive Arbitration Rule 11(b).

Per JAMS Letter Dated December 12, 2025, the list of arbitrator candidates will include candidates based in either Florida or California who are readily available to travel to either location. Any further objections regarding location and choice of law should be raised with the arbitrator after their appointment. See JAMS Comprehensive Arbitration Rule 19(a).

As indicated in the Letter re Employment Minimum Standards Apply, any further issue about whether the Minimum Standards apply should be directed to the arbitrator once appointed. After hearing from the parties, if the arbitrator believes JAMS should revisit the issue, the arbitrator may advise JAMS accordingly. JAMS will then review the issue, taking the arbitrator's position into consideration, and will make a final determination.

At this time, JAMS is prepared to proceed with the commencement of this arbitration and proceed with the arbitrator selection process. See JAMS Comprehensive Arbitration Rule 5(b). Respondents may participate in the arbitrator selection process without waiving any objections stated to date.

Sincerely,

Jennifer Rodriguez

Jennifer Rodriguez
Arbitration Practice Consultant
JRodriguez@jamsadr.com

# Exhibit 9

**JAMS CASE REFERENCE NO. 5200002873**

**Nemeth, Ryan,**

**Petitioner,**

**v.**

**All Elite Wrestling LLC, et al.,**

**Respondents.**

---

**RESPONDENTS' REQUEST TO REPLACE ARBITRATOR CANDIDATES AND FOR A REASONABLE EXTENSION OF TIME TO STRIKE AND RANK ARBITRATOR CANDIDATES**

Respondents, All Elite Wrestling LLC ("AEW") and Tony Khan, hereby file this Request to Replace Arbitrator Candidates and for a Reasonable Extension of Time to Strike and Rank Arbitrator Candidates ("Request") and state as follows:

On March 16, 2026, JAMS sent the parties a Commencement of Employment Arbitration ("Commencement Notice"). The Commencement Notice, in pertinent part, requires the parties to return strike and ranking lists regarding the following arbitrator candidates on or before the close of business on March 24, 2026: Hon. Angel M. Bermudez (Ret.); Paul E. Burns, Esq.; Hon. Dorian Damoorgian, (Ret.); Ellie Hourizadeh, Esq.; Christopher M. Kwok, Esq.; Barbara A. Reeves, Esq.; Scott Silverman, retired Circuit Judge; Hon. Lynn O'Malley Taylor (Ret.); Patricia H. Thompson, Esq.; Hon. Michael R. Wilner (Ret.) (the "Arbitrator Candidates"). The Commencement Notice provides the parties with only two (2) "strikes" for the Arbitrator Candidates and states that the rest must be ranked.

JAMS has consistently represented to the parties that, presumably in the interest of fairness because of disputed issues among the parties that have been well-documented to date, the proposed list of arbitrators would contain arbitrators from Florida and California. However, of the ten (10)

Arbitrator Candidates, only three (3) are from Florida, six (6) are from California, and one (1) is from New York—[1]that provides Respondents with only three (3) chances to have a Florida arbitrator appointed (as they maintain is appropriate under the applicable arbitration agreement), while Petitioner, Ryan Nemeth, has seven (7) opportunities to have a non-Florida arbitrator appointed (consistent with his position). This three-to-seven ratio provides Petitioner with a fundamentally unfair advantage of having an arbitrator of his choosing appointed, while making it exceedingly difficult, if not impossible, for Respondents to even complete and submit their ranking and strike list in good faith.

Rule 15 of the JAMS Employment Arbitration Rules and Procedures and the Comprehensive Arbitration Rules and Procedures provide in relevant part:[2]

> JAMS may add names to or replace any or all names on the list of Arbitrator candidates for reasonable cause at any time before the Parties have submitted their choice pursuant to subparagraph (c) below.
>
> . . .
>
> JAMS may grant a reasonable extension of the time to strike and rank the Arbitrator candidates to any Party without the consent of the other Parties.

JAMS Employment Arbitration Rules and Procedures, Rule 15(b) & (c); JAMS Comprehensive Arbitration Rules and Procedures, Rule 15(b) & (c). Further, Rule 11(c) of the Employment Arbitration Rules and Procedures and the Comprehensive Arbitration Rules and Procedures provide that: "Disputes concerning the appointment of the Arbitrator shall be resolved by JAMS."

---

[1] Respondents are confused as to why a New York arbitrator, Mr. Kwok, was even included in the list when, instead, JAMS could have proposed an additional Florida arbitrator out of fairness to Respondents.

[2] Respondents cite the JAMS Employment Arbitration Rules and Procedures because the applicable provisions are identical to those in the JAMS Comprehensive Arbitration Rules and Procedures. Respondents maintain that the Comprehensive Arbitration Rules and Procedures are applicable in this matter, consistent with the parties' arbitration agreement, despite the improper application of the Employment Arbitration Rules and Procedures.

JAMS Employment Arbitration Rules and Procedures, Rule 11(c); JAMS Comprehensive Arbitration Rules and Procedures, Rule 11(c).

Respondents have shown reasonable cause to replace two (2) of the non-Florida Arbitrator Candidates with Florida arbitrators pursuant to the foregoing, and because of the prejudice that Respondents stand to face by allowing Petitioner to have four (4) more favorable Arbitrator Candidates to rank than Respondents, while Petitioner may also use his two (2) strikes and the ranking system to eliminate any possibility of a Florida arbitrator being appointed, inevitably leading to the appointment of an arbitrator of Petitioner's choosing. Respondents have not been granted that same opportunity. Therefore, for reasonable cause and in the interest of fairness, Respondents respectfully request that Arbitrator Candidates Christopher M. Kwok, Esq. (New York), and Barbara A. Reeves, Esq. (California), be replaced by Ted E. Bandstra, Retired Chief U.S. Magistrate Judge (Florida), and Gill S. Freeman, Retired Judge, 11th Judicial Circuit (Florida). Further, because of the relief requested herein regarding the Arbitrator Candidates, Respondents request a reasonable extension of time for the parties to submit their ranking and strike lists, to be within fourteen (14) days after JAMS issues an updated commencement notice.

For all of these reasons, Respondents respectfully request that JAMS: (1) grant this Request in full; (2) issue a new commencement notice, replacing Christopher M. Kwok, Esq., and Barbara A. Reeves, Esq., with Ted E. Bandstra and Gill S. Freeman; and (3) extend the deadline for the parties to submit their ranking and strike lists to fourteen (14) days after JAMS issues an updated commencement notice.

Dated: March 23rd, 2026.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655

By: _/s/James D. McGuire_
B. Tyler White
Florida Bar No. 0038213
Tyler.White@jacksonlewis.com
Megan.Pina@jacksonlewis.com
JacksonvilleDocket@jacksonlewis.com

JACKSON LEWIS, P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440

James D. McGuire
Florida Bar No. 1032198
James.McGuire@jacksonlewis.com
Shelly.Rundell@jacksonlewis.com
OrlandoDocket@jacksonlewis.com

*Attorneys for Respondents, All Elite Wrestling LLC and Tony Khan*

**CERTIFICATE OF SERVICE**

This is to certify that on this 23rd day of March, 2026, a true and correct copy of the foregoing has been uploaded via JAMS Access and served via electronic mail to the following case manager and counsel of record:

Jennifer Rodriguez
Arbitration Practice Consultant
jrodriguez@jamsadr.com
(213) 253-9780

*Case Manager*

Michael Caspino, Esq.
Helena Laskey, Esq.
30442 Esperanza Rancho
Santa Margarita, CA
mcaspino@pricecaspino.com
hlaskey@pricecaspino.com
alodwick@pricecaspino.com

*Attorneys for Claimant*

_/s/ James D. McGuire_
Attorney

# Exhibit 10

**From:** Helena Laskey <hlaskey@pricecaspino.com>
**Sent:** Tuesday, March 31, 2026 6:13 PM
**To:** Jennifer Rodriguez
**Cc:** White, B. Tyler (Jacksonville); McGuire, James D. (Orlando); Jacksonville Docketing; Orlando Docketing; Pina, Megan M. (Jacksonville); Mike Caspino; Ally Lodwick
**Subject:** Claimant's Response to Respondents' Request to Replace Arbitrator Candidates and for a Reasonable Extension of Time to Strike and Rank Arbitrator Candidates

Ms. Rodriguez,

Below is Claimant's response to Respondents' Request to Replace Arbitrator Candidates and for a Reasonable Extension of Time to Strike and Rank Arbitrator Candidates:

California law is clear. This matter must be arbitrated in California pursuant to Labor Code Section 925. Thus, Respondents' objections to the ratio of Florida arbitrators to California arbitrators are misplaced, as this matter unequivocally will not be arbitrated in Florida. Respondents are improperly attempting to manipulate the list of Arbitrator Candidates by instructing JAMS who should and should not be on the list of candidates.

Continuing to challenge the applicability of Section 925 under these circumstances is sanctionable conduct under California law. Judges freely award sanctions and attorney's fees against parties engaging in this sort of behavior. Section 925(c) expressly permits courts to award attorney's fees to an employee who is enforcing his or her rights under this section, in addition to injunctive relief and any other available remedies.

Despite JAMS' instruction that any further dispute between the Parties regarding location and choice of law be raised with the Arbitrator, Respondents continue to raise their concerns with JAMS without justification. This has unnecessarily delayed this matter and the appointment of an Arbitrator.

Claimant respectfully requests that JAMS maintain its current selection of Arbitrator Candidates and require Respondents to submit their Strike List without further delay.

Best,

Helena Laskey
Associate Attorney

Price Caspino
30442 Esperanza
Rancho Santa Margarita, CA 92688
Telephone: 949.899.9188
Mobile: 949.748.0214
Fax: 949.522.3223
Email: hlaskey@pricecaspino.com
www.pricecaspino.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any use, disclosure, dissemination, distribution or copying of any portion of this message or any attachment is strictly prohibited. If you think you have received this e-mail message in error, please notify the sender at the above e-mail address, and delete this e-mail along with any attachments. Thank you.

**From:** Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Sent:** Tuesday, March 24, 2026 8:05 AM
**To:** Pina, Megan M. (Jacksonville) <Megan.Pina@jacksonlewis.com>; Mike Caspino <mcaspino@pricecaspino.com>; Helena Laskey <hlaskey@pricecaspino.com>; Ally Lodwick <Alodwick@pricecaspino.com>
**Cc:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>; McGuire, James D. (Orlando) <James.McGuire@jacksonlewis.com>; Jacksonville Docketing <JacksonvilleDocketing@jacksonlewis.com>; Orlando Docketing <OrlandoDocketing@jacksonlewis.com>
**Subject:** RE: SERVICE OF COURT DOCUMENT: JAMS Reference No.: 5200002873 (Nemeth, Ryan v. All Elite Wrestling, LLC, et al.)

Good morning counsel,

Claimant is requested to submit a response to Respondent's "Respondents' Request to Replace Arbitrator Candidates and for a Reasonable Extension of Time to Strike and Rank Arbitrator Candidates" by close of business March 31.

Thank you!

JAMS®

**Jen Rodriguez**
Arbitration Practice Consultant
P: 213-253-9780
JRodriguez@jamsadr.com

*For complex mediation, the choice is simple. JAMS offers a respected panel of highly experienced mediators, who resolve California's most challenging disputes.* ***Learn more***.

---

**From:** Pina, Megan M. (Jacksonville) <Megan.Pina@jacksonlewis.com>
**Sent:** Monday, March 23, 2026 12:00 PM
**To:** Pina, Megan M. (Jacksonville) <Megan.Pina@jacksonlewis.com>; mcaspino@pricecaspino.com; hlaskey@pricecaspino.com; alodwick@pricecaspino.com; Jennifer Rodriguez <JRodriguez@jamsadr.com>
**Cc:** White, B. Tyler (Jacksonville) <Tyler.White@jacksonlewis.com>; McGuire, James D. (Orlando) <James.McGuire@jacksonlewis.com>; Jacksonville Docketing <JacksonvilleDocketing@jacksonlewis.com>; Orlando Docketing <OrlandoDocketing@jacksonlewis.com>
**Subject:** RE: SERVICE OF COURT DOCUMENT: JAMS Reference No.: 5200002873 (Nemeth, Ryan v. All Elite Wrestling, LLC, et al.)

⚠ **Caution:** This email originated from outside JAMS. Do not click on links, scan QR codes, or open attachments unless you recognize the sender and know the content is safe. ⚠

Good afternoon, all:

*Re-sending to correct a typo within my first service e-mail. Thank you.*

Attached here, please find the following document:

SENT ON BEHALF OF B. TYLER WHITE, ESQ. AND JAMES D. MCGUIRE, ESQ.

| | | |
|---|---|---|
| Identity: | | Judicial Arbitration and Mediation Services (JAMS) |
| Reference No.: | | **5200002873** |
| Initial parties (Claimant(s): | | Nemeth, Ryan |
| Initial parties (Respondent(s): | | All Elite Wrestling, LLC, et al. |
| Document(s) being served: | | 1. *[UPLOADED TO JAMS ON 03.23.2026]* **Respondents' Request to Replace Arbitrator Candidates and for a Reasonable Extension of Time to Strike and Rank Arbitrator Candidates** |
| Sender's name: | | Megan M. Pina, Legal Secretary |
| Sender's phone number: | | (904) 661-5808 |

Thank you.

Kind regards,

**Megan M Pina**
Legal Secretary

**Jackson Lewis P.C.**
501 Riverside Avenue.
Suite 902
Jacksonville, FL 32202
Direct: (904) 661-5808 | Main: (904) 638-2655
Megan.Pina@jacksonlewis.com | www.jacksonlewis.com