**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ALL ELITE WRESTLING,**
**LLC, a Delaware limited liability**
**company, and ANTONY KHAN in**
**his capacity as the Chief Executive**
**Officer, General Manager, and Head of**
**Creative of All Elite Wrestling, LLC**

      **Petitioners,**

**v.**                                    **Case No. 3:26-cv-01481-WWB-PDB**

**RYAN NEMETH,**

      **Respondent.**
_____/

## PETITIONERS' MOTION TO FILE UNDER SEAL

      Petitioners, All Elite Wrestling, LLC ("AEW") and Antony Khan (collectively "Petitioners"), pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 1.11 of the United States District Court for the Middle District of Florida, respectfully move this Honorable Court to seal sensitive confidential information relating to the Independent Contractor Wrestler Agreements between Petitioner AEW and Respondent, Ryan Nemeth ("Respondent"), which is used in support of Petitioners' Verified Complaint and Petition for Order Compelling Arbitration in Accordance with Terms of Arbitration Agreement. In support, Petitioners state as follows:

      1.      On June 5, 2026, Petitioners filed a Verified Complaint and Petition for Order Compelling Arbitration in Accordance with Terms of Arbitration Agreement" (the "Petition") (Doc. 1).

1

2.     In support of the Petition, Petitioners reference and include as exhibits three Independent Contractor Wrestler Agreements between Petitioner AEW and Respondent, Ryan Nemeth. (*See* Docs. 1-3 & 1-5 at Exhibit 1 (pages 11–31)).

3.     The exhibits, in pertinent part, contain sensitive confidential and proprietary information belonging to Petitioners, including but not limited to information relating to its business practices, its internal economic structures, compensation arrangements, and intellectual property.

4.     Such information is nonpublic and would provide competitors with confidential information about Petitioners business and if publicly filed could cause irreparable harm to Petitioners.

**MEMORANDUM OF LAW**

### I.     MOTION TO SEAL

#### 1.  Description of the Items Proposed for Sealing

The Agreements constitute the entirety of Petitioner AEW's and Respondent's previous independent contractor relationship, the provisions of which are directly at issue in the Petition and the underlying state court action.

#### 2.  Why Filing the Agreements is Necessary

In short, by the very nature of the Respondent's allegations, which all relate to and arise under Respondent's independent contractor relationship with AEW (*see generally* Doc. 1), the Agreements are essential to the Court's determination in ordering the relief requested in the Petition. Filing the Agreements at this stage is necessary for the court to rule on the threshold issue of compelling arbitration because AEW

2

anticipates that Respondent will argue in defense in this Court that certain portions of the Agreements are unenforceable; therefore, arbitration should not be ordered.

3. Petitioners Have Good Cause to Seal the Information in the Agreements.

The Agreements each contain a nearly identical confidentiality provision (*see, e.g.,* Section 11 of the Agreements). The Agreements should be filed under seal because they contain sensitive and confidential information, which is not readily available to the public and for which disclosure would cause irreparable harm to Petitioners.

Courts have long recognized a presumptive common law right to inspect and copy judicial records. *United States v. Rosenthal*, 763 F. 2d 1291, 1292-93 (11th Cir. 1985). However, the public's right of access in civil proceedings is not absolute. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F. 3d 1304, 1311 (11th Cir. 2001). Indeed, the United States Supreme Court and the Eleventh Circuit have stated that a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F. 3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (stating "[i]t is uncontested, however, that the right to inspect and copy judicial records is not absolute.")

Notably, good cause to seal a record exists when the materials at issue contain highly confidential and proprietary information that is normally kept secret from the public. *See Romero*, 480 F. 3d at 1246 ("a party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."). When considering whether to seal records, Courts have refused to permit their files to serve as sources of business information that might harm a litigant's

competitive standing. *Nixon*, 435 U.S. at 598.

Many district courts within the Eleventh Circuit have recognized that maintaining privacy of confidential business information can constitute good cause for keeping documents from the public view. *See e.g., Atlc Inc., v. Broadband Itv, Inc.,* 2026 U.S Dist. LEXIS 8210, at *5–6 (M.D. Fla. Jan. 15, 2026) (granting motion to file under seal where the contracts contained "commercial terms, proprietary financial obligations, and internal economic structures, fee arrangements, and third-party confidentiality provisions that are non-public and would provide competitors with proprietary information."); *Robertson v. Alvarado*, 2018 U.S. Dist. LEXIS 66813, at *2 (M.D. Fla. Apr. 20, 2018) (sealing an unredacted version of the complaint containing non-public, competitively sensitive, confidential and proprietary information); *Adacel, Inc. v. Adsync Tech, Inc.*, 2020 U.S. Dist. LEXIS 205595 at *3-4 (M.D. Fla. July 1, 2020) (granting motion to file under seal because they contain highly sensitive financial or technical date, the disclosure of which would harm the future business interests of the parties); *Carraway v. BBC Sys., Inc.*, 2018 U.S. Dist. LEXIS 223760 at *6–7 (M.D. Fla. Oct. 30, 2018) (allowing the filing of unredacted financial information to be filed under seal because exposing Defendant's financial information to the public, including competitors would harm Defendant's legitimate privacy interests); *Local Access, LLC v. Peerless Network, Inc.*, 2017 U.S. Dist. LEXIS 72511 at *2–3 (M.D. Fla May 12, 2017) (permitting sealing of proprietary financial and business information).

Here, the information sought to be sealed reveals Petitioner AEW's confidential information, including its business practices, its internal economic structures, its compensation arrangements, and its confidential commercial terms agreed to by the

4

parties. Further, permitting public access to this information could irreparably harm Petitioner AEW's legitimate privacy interests of its confidential business practices. *See Delgado v. Evangelical Lutheran Good Samaritan Soc'y*, 2025 U.S. Dist. LEXIS 79007, at *4 (M.D. Fla. Apr. 25, 2025) ("Although the topic and nature of the lawsuit concerns matter of public interest, the specific confidential and proprietary information contained within the agreement does not further that interest in any meaningful way.") Additionally, for the same reasons, Petitioner Khan, as AEW's Chief Executive Officer, General Manager, and Head of Creative, has a business interest in the terms of AEW's agreements not being made public. Petitioners should not be forced to disclose the confidential financial and business information contained in the Agreements to the general public and competitors while defending against Respondent's allegations. Petitioners therefore have shown good cause for why filing under seal is necessary.

4. <u>Partial Seal or Redaction is Impractical</u>.

A necessary part of the Court's ruling on arbitration will require it to review the Agreements in full, unredacted form. *See Adacel*, 2020 U.S. Dist. LEXIS 205595, at *3 (redaction is impractical where the information "permeates the documents and would render the documents useless to the Court.") The Agreements between the parties contain provisions that will ultimately bear on the claims and defenses at issue in this case such that a redaction would be impractical and render the documents virtually useless.  Moreover, redaction, or other means, will not cure the harm that Petitioners stand to suffer if the terms of AEW's confidential business relationships become accessible to its competitors.  Therefore, there is no satisfactory alternative to sealing.

5. Proposed Duration of the Seal

Petitioners propose that the seal remain in place during the pendency of this action and expire ninety (90) from the final disposition of the case, including the exhaustion of any appeals, consistent with Local Rule 1.11(e).

6. Identification and Information of Those Authorized to Retrieve a Sealed Tangible Item

Should the Court permit filing under seal, undersigned counsel are authorized to retrieve a sealed, tangible item. The Court can also return the Agreements to lead counsel for Petitioners, B. Tyler White, Esq., Jackson Lewis P.C., 501 Riverside Avenue, Suite 902, Jacksonville, Florida 32202. Respondent is the only individual, other than Petitioner Khan, who AEW knows to have an interest in establishing or maintaining the seal. Finally, the Agreements are being filed contemporaneously with this Motion for the Court's consideration pursuant to the procedures provided in Local Rule 1.11 and on CM/ECF.

## II.     CONCLUSION

WHEREFORE, Petitioners respectfully requests this Court enter an order sealing the Agreement between the parties.

### LOCAL RULE 3.01(g) CERTIFICATION

On June 9, 2026, undersigned counsel notified Respondent of Petitioners' intention to seal the Independent Contractor Wrestler Agreements from the record and Respondent objected to the relief requested herein.

DATED this 9th day of June 2026.

Respectfully submitted,

By: */s/ B. Tyler White*
B. Tyler White
Fla. Bar No. 0038213
tyler.white@jacksonlewis.com
James D. McGuire
Fla. Bar No. 1032198
james.mcguire@jacksonlewis.com

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Telephone:  (904) 638-2655
Facsimile:  (904) 638-2656

4905-6687-2993, v. 5