**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ALL ELITE WRESTLING, LLC, and**
**ANTONY KHAN,**
        **Petitioners,**

v.                                                    **Case No. 3:26-cv-01481-WWB-PDB**

**RYAN NEMETH,**
        **Respondent**
_____/

### NON-PARTY BRANDON THURSTON'S MOTION TO INTERVENE
### FOR THE LIMITED PURPOSE OF OPPOSING PETITIONERS' MOTION TO
### FILE UNDER SEAL, AND OPPOSITION TO THE MOTION TO FILE UNDER SEAL

Brandon Thurston ("Movant"), appearing pro se, respectfully moves under

Federal Rule of Civil Procedure 24(b) to intervene in this action for the limited purpose

of opposing Petitioners' Motion to File Under Seal (Doc. 6), and, on intervention,

opposes that motion. Movant asks the Court to deny the motion to seal and to direct

that the three Independent Contractor Wrestler Agreements referenced as Exhibits A, B,

and C to the Verified Complaint and Petition (Doc. 1) (the "Agreements") be placed on

the public docket, either in full or, at most, with narrowly tailored redactions limited to

specific numerical compensation values. In support, Movant states as follows.

### I. IDENTITY AND INTEREST OF MOVANT

1.      Movant is a member of the press based in Buffalo, New York. He

publishes Wrestlenomics, an independent outlet covering business, financial, and legal

information about the professional wrestling industry. He also reports for POST

Wrestling, another professional wrestling-focused news outlet. His reporting often

concerns professional wrestling companies' corporate governance, contracting

practices, and litigation, including matters involving the Petitioners All Elite Wrestling, LLC and Antony Khan ("AEW").

2.    Movant seeks to intervene solely to further the rights of access to judicial records that belong to the public and the press: specifically, the three agreements that AEW has asked this Court to seal in their entirety. Movant takes no position on the merits of the Petition, seeks no discovery, and will not enlarge the issues before the Court.

## II. MOTION TO INTERVENE FOR A LIMITED PURPOSE

3.    Intervention is the established mechanism by which members of the press and public may challenge the sealing of court records in this Circuit. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1308 (11th Cir. 2001) (the press permitted to intervene for the purpose of seeking the unsealing of court filings); *Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983) (the press has "standing to seek access in suits to which it is not a party"). A motion under Rule 24(b) may be submitted by anyone, provided the motion is timely and the movant has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). Where a nonparty seeks intervention solely to challenge the sealing of court records, the "common question" requirement is satisfied by the shared controversy over the right of public access to those judicial records. *See Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1170–71 (11th Cir. 2019) (affirming that the technical "claim or defense" and "common question" requirements do not bar third parties from permissively intervening under Rule 24(b) to litigate document confidentiality); *Chi. Trib.*, 263 F.3d 1304 at 1308, 1315 (11th Cir. 2001) (noting the initial grant of the media's

2

motion to intervene to challenge sealing and holding that the district court's underlying Rule 26 good-cause determination effectively resolves the intervenor's common-law right of access claim). Additionally, Local Rule 1.11(c) independently authorizes any non-party opposing a motion to seal to respond within twenty-one days of the motion's filing.

4.      The motion is timely. AEW filed its Motion to File Under Seal on June 9, 2026 (Doc. 6), and Movant files this opposition within twenty-one days of that motion, before the Court has ruled. Intervention for this limited purpose will not delay the adjudication of the Petition, will not prejudice any party, and will not expand the merits. Respondent has objected to the request to seal, according to AEW's Motion (Doc. 6 at 6). Therefore, the question of public access is already contested. Movant represents only the interests of the press and the public, whose interests no party is positioned to represent.

## III.   MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO SEAL

5.      The Agreements at issue are judicial records subject to a presumption of public access. The common law guarantees a presumptive right of the public to inspect and copy such judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Chi Trib.*, 263 F.3d 1304 at 1311. Material filed with the court in support of a request for substantive relief, such as the Agreements, as opposed to material exchanged only in discovery, is a judicial record to which the presumption applies. *Id.;* *Romero v. Drummond Co., Inc.*, 480 F. 3d 1234, 1245-46 (11th Cir. 2007). This Court's Local Rule 1.11(a) requires the same presumption. Sealing a docketed item "used in the

3

adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access."

6.      The Agreements here are exemplary to the relevant definition of judicial records. They are central to the dispute in this case. AEW proposes filing them as exhibits to the Petition, and the Motion to Seal volunteers that the Agreements "are essential to the Court's determination in ordering the relief requested" and that a ruling on arbitration "will require [the Court] to review the Agreements in full." (Doc. 6 at 2, 5.) The Petition asks the Court to declare specific provisions of these contracts "valid and enforceable." (Doc. 1 at 15.) The public cannot evaluate the fairness of the Court's eventual ruling in this case if the public is not allowed to read the contracts.

7.      A party seeking to overcome the presumption of access must make a particularized showing. Courts weigh, among other factors, whether disclosure would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the material is made public, whether the information concerns public officials or matters of public concern, and the availability of less onerous alternatives. *Romero,* 480 F.3d 1234, at 1246. The Eleventh Circuit has rejected as insufficient a "generalized notion" that disclosure would cause harm, holding that such generalized assertions "cannot overcome the presumptive public interest nature" of judicial records. *Callahan v. United Network for Organ Sharing,* 17 F.4th 1356, 1364 (11th Cir. 2021).

8.      AEW's Motion offers its concerns only by mentioning categories in general terms: "business practices," "internal economic structures," "compensation arrangements," "intellectual property" (Doc 6. at 2). The Motion does not identify a single provision whose disclosure would cause some concrete harm or competitive

4

injury. Instead, the Motion implies that the entirety of each contract, except for the provisions AEW itself has published, are too sensitive to disclose. The Motion is supported by no declaration or affidavit. It does not distinguish among the three Agreements or among the provisions within any of the Agreements. It makes the conclusory assertion that disclosure "could cause irreparable harm" (Doc. 6 at 2) without explaining what harm, to what business interest, or how such harm would occur. Under Local Rule 1.11(a) and the aforementioned binding case law, that is not a demonstration of good cause to seal but a request that the Court cooperate with AEW in its arbitrary preference for concealment.

9.      A contractual confidentiality provision is not, by itself, a cause to seal. Local Rule 1.11(a) expressly provides that "[s]ealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." AEW, in its attempt to justify sealing, nonetheless leads with the fact that each Agreement "contain[s] a nearly identical confidentiality provision." (Doc. 6 at 3.) Private parties cannot, by merely executing a contract between themselves, deny the public's right to access that contract when it is filed in a federal court. "It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties... Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Engineering, Inc.,* 960 F.2d 1013, 1016 (11th Cir. 1992).

10.     AEW's selective disclosure defeats its claim of confidentiality. The publicly filed Petition quotes the Agreements verbatim where quotation serves AEW's goals. It reproduces the arbitration and forum-selection language of Section 16.1 and the choice-

5

of-law language of Section 17.8 (Doc. 1 ¶¶ 5, 10.) Those are the operative provisions on which every form of relief requested in the Petition depends. AEW then asks the Court to agree that the terms of these contracts are so commercially sensitive that not one more word may appear for the public to view; only those words AEW itself allows in the public record. The fairness of this case cannot be assessed by the public while at the same time preventing the public from viewing the full breadth of what else is in those Agreements. AEW does not claim, nor could it, that the selective inclusion of these provisions has caused it any harm. AEW's selective disclosure demonstrates both that the Agreements' terms are not uniformly sensitive and that excerpting them is, contrary to the Motion's claims, entirely practical.

11.     Should the Court determine that some portion of the Agreements should be sealed, redaction is a workable alternative. Local Rule 1.11(b)(3)(C) requires a movant to explain why "a means other than sealing is unavailable or unsatisfactory." AEW's answer is the assertion that the Court must review the Agreements "in full, unredacted form," such that redaction "would render the documents virtually useless." (Doc. 6 at 5.) Of course the Court must view the complete agreements. Nothing prevents AEW, however, from submitting unredacted copies for the Court's review while filing narrowly redacted versions for the public. That is an ordinary practice, and it would fully preserve the Court's ability to adjudicate while honoring the public's presumptive right of access.

12.     The full breadth of the Agreements should be made public. As set forth above, the provisions central to this case (arbitration, forum selection, and choice of law) are already public by AEW's own doing, and AEW has identified no provision-

specific basis to seal anything else. In the alternative, if the Court determines any portion of the contracts should be protected, such as the specific numerical compensation values that may appear in the contracts, the remedy is ***narrow redaction of the specific text that must be protected***, not sealing three contracts entirely.

13.     The public interest in these records is substantial. Though AEW intends to move its dispute with the Respondent under its preferred conditions of confidential arbitration, the dispute in this Court itself is not a private commercial one of interest only to the litigants. The Petition asks a federal court to determine whether forum-selection and choice-of-law provisions in a professional wrestler's contract are enforceable against the wrestler's invocation of California Labor Code § 925, which is a law protecting workers. AEW's classification of the Respondent as an independent contractor rather than an employee is in dispute, as the Petition discusses. (Doc. 1 ¶¶ 22-28.) The classification and contracting practices of major wrestling companies have been the subject of sustained public debate, press coverage, and governmental attention for decades. AEW promotes nationally televised events. Petitioner Khan is a prominent public figure expressly litigating in his official capacity. The public's ability to understand this Court's eventual ruling, and the contracting practices the ruling will validate or reject, depends on access to the contracts themselves.

## IV. CONCLUSION AND REQUESTED RELIEF

14.     For the foregoing reasons, Movant respectfully requests that the Court:

(1) grant Movant leave to intervene for the limited purpose of opposing the Motion to File Under Seal;

(2) deny the Motion to File Under Seal (Doc. 6); and

7

(3) direct Petitioners to file Exhibits A, B, and C on the public docket, or, in the alternative, to file public versions narrowly redacting only specific numerical compensation values, with complete unredacted copies submitted under seal for the Court's review.

(4) Movant requests such other relief as the Court deems necessary.

## LOCAL RULE 3.01(g) CERTIFICATION

On June 15, 2026, Movant attempted to confer with counsel for Petitioners, B. Tyler White and James D. McGuire, by email, regarding the relief requested in this motion. Petitioners did not respond to this attempt to confer. On June 22, 2026, Movant again attempted to confer with counsel by email and received no response. On June 22, 2026, Movant also notified counsel for the Respondent.

## MOTION FOR LEAVE TO FILE ELECTRONICALLY

Movant respectfully requests leave to file electronically in this matter via the Court's CM/ECF system pursuant to the Court's procedures for non-attorney e-filers. Movant is a pro se litigant with access to the necessary technology and agrees to comply with all applicable electronic filing requirements. Granting this request will facilitate timely filing of any subsequent papers in this matter.

## CERTIFICATION REGARDING GENERATIVE ARTIFICIAL INTELLIGENCE

Pursuant to the Standing Order of the Honorable Wendy W. Berger, dated April 2, 2026, the undersigned certifies that to the extent generative artificial intelligence ("AI") was used in the drafting of this filing, any language drafted by AI was personally reviewed by the filer for accuracy. All legal citations in this filing reference actual, non-fictitious cases or cited authority and accurately reflect the contents of such authority.

8

Dated: June 23, 2026

Respectfully submitted,

*/s/ Brandon Thurston*
Brandon Thurston, pro se
63 Newport Ave
Buffalo, NY 14216
716-930-9305
bhthurston@gmail.com

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2026, I caused a true and correct copy of the foregoing to be served on counsel of record for Petitioners, B. Tyler White and James D. McGuire, by email, at tyler.white@jacksonlewis.com and james.mcguire@jacksonlewis.com; and on last known counsel of record for Respondent, by mail, at Michael Caspino, 30442 Esperanza, Rancho Santa Margarita, CA 92688.

*/s/ Brandon Thurston*
Brandon Thurston, pro se

UNITED STATES
POSTAL SERVICE.

Retail

PRESS FIRMLY TO SEAL

**US POSTAGE PAID**

**$12.90**

Origin: 14304
06/23/26
3558360304-16

**P**

**PRIORITY MAIL®**

PRIORITY®
MAIL

0 Lb 3.20 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 06/26/26

**C008**

SHIP
TO:

300 N HOGAN ST
JACKSONVILLE FL 32202-4204

**USPS TRACKING® #**

9505 5134 2113 6174 9155 16



To schedule free Package Pickup,
scan the QR code.


**USPS.COM/PICKUP**



PAPER
POUCH

how2recycle.info

FLA
ONE

TR

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

■ Expected delivery
■ Dom
■ USP
■ Limit
■ When

*Insuran
Domesti
** See In

apply).*

international destinations.

required.

usions see the

imitations of coverage.

FROM:

Brandon Thurston
63 Newport Ave
Buffalo, NY 14216

TO:

Clerk of Court
United States District Court
Middle District of Florida,
Jacksonville Division
300 North Hogan Street
Jacksonville, FL 32202

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.



# UNITED STATES POSTAL SERVICE ®

# PRIORITY MAIL

## FLAT RATE ENVELOPE

**ONE RATE ■ ANY WEIGHT**

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## TRACKED ■ INSURED



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

# VISIT US AT USPS.COM®
## ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.