United States District Court
Middle District of Florida
Jacksonville Division

ALL ELITE WRESTLING, LLC,
& ANTHONY KHAN,

     *Plaintiffs,*

v.                              **NO. 3:26-cv-1481-WWB-PDB**

RYAN NEMETH,

     *Defendant.*

_____

## Order

All Elite Wrestling, LLC ("AEW") and its Chief Executive Officer, Anthony Khan, sue wrestler Ryan Nemeth to compel him to arbitrate his claims against them. Doc. 1. With the complaint, AEW and Khan include placeholders for three similar independent contractor agreements on which they base this action (one effective March 1, 2023; one effective January 17, 2022; and one effective March 1, 2021) and move to place the agreements under seal. Docs. 1-3, 6; S-Docs. 6-1 to 6-3.

To support sealing, AEW and Khan contend that the agreements contain AEW's "confidential information, including its business practices, its internal economic structures, its compensation arrangements, and its confidential commercial terms agreed to by the parties." Doc. 6 at 4–5. They contend that the agreements are not publicly available. Doc. 6 at 2. They contend that the public filing of the agreements could irreparably harm the "legitimate privacy interests" of their "confidential business practices." Doc. 6 at 5. They contend that filing the agreements is necessary to determining whether to compel

arbitration because they anticipate that Nemeth will argue that parts of the agreements are unenforceable. Doc. 6 at 2–3. And they contend that redaction would be "impractical," that redaction would "render the documents virtually useless," and that redaction "will not cure the harm that [they] stand to suffer if the terms of AEW's confidential business relationships become accessible to its competitors." Doc. 6 at 5.

AEW and Khan's counsel states he learned through the conferral process that Nemeth opposes the motion, Doc. 6 at 6, but Nemeth has not yet appeared in the action. Brandon Thurston, the publisher of an independent news outlet covering the wrestling industry, moves to intervene for the limited purpose of opposing the motion to seal. Doc. 9. He also requests the ability to use the CM/ECF filing system. Doc. 9 at 8.

Local Rule 1.11 governs sealing in this court:

> (a) PRESUMPTION OF PUBLIC ACCESS. Sealing a docketed item, including a settlement agreement, used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.
>
> (b) MOTION TO SEAL. A motion to seal an item:
>
> > (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";
> >
> > (2) must describe the item;
> >
> > (3) must establish:
> >
> > > (A) that filing the item is necessary,

(B) that sealing the item is necessary, and

(C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;

(4) must include a legal memorandum;

(5) must propose a duration for the seal;

(6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

(7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and

(8) must include the item, which is sealed pending an order resolving the motion.

(c) SUPPORTING OR OPPOSING A MOTION TO SEAL. Within fourteen days after service or other delivery of a motion to seal, any party or non-party interested in establishing or maintaining the seal may file a memorandum supporting the seal. Within twenty-one days after the filing of the motion to seal, any party or non-party opposing the motion may respond. Neither the memorandum nor the response may exceed seven pages, excluding the caption, the signature block, any certificate of service, and any attachment.

(d) STAYING AN ORDER DENYING A MOTION TO SEAL. An order denying a motion to seal is automatically stayed for fourteen days to permit a motion to reconsider, for review, to withdraw the item, or for other relief.

(e) EXPIRATION. Unless an order states another time, a seal under this rule expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires.

Local Rule 1.11.

The presumption described in Local Rule 1.11(a) accords with "the common-law right of access to judicial proceedings," described as "an essential component of our system of justice" that "is instrumental in securing the integrity of the process." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The right to public access is "not absolute." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir 2007). A court balances the right of access against the interest in confidentiality, considering factors like "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.

On one hand, AEW and Khan have a legitimate interest in maintaining the confidentiality of the terms that they privately negotiated with Nemeth. On the other hand, AEW and Khan have brought the matter to this court for relief, and the public and Thurston have a legitimate interest in reviewing the complaint in its entirety to understand the lawsuit and evaluate the court's decisions.

That one interest must win, and one must lose, is not necessarily so. AEW and Khan fail to comply with Local Rule 1.11 by failing to establish that redaction is unavailable. They include information from the agreements in their public filing, including the parties to the agreements, the effective dates of the agreements, the general subject matter of the agreements, the consideration provided by Nemeth in the agreements (to perform at AEW's live events), the arbitration provision in the agreements, and the choice of law in the agreements. *See generally* Doc. 1. Yet, at the same time, they contend redaction is unavailable. Doc. 6 at 5.

The motion to seal, Doc. 6, and the motion to intervene, Doc. 9, are therefore **denied without prejudice**. By the earlier of 21 days of Nemeth's appearance or 111 days from the filing of the complaint, following additional good faith conferral with Nemeth (or his counsel if he is represented), AEW and Khan may move to file wholly unredacted versions of the agreements under seal but must file on the public docket redacted versions of the agreements that, at a minimum, include the information they have already made public. A careful review of the agreements may reveal that many additional provisions have little to do with the strongest reason to deprive the public and Thurston of access to the agreements, i.e., AEW's "internal economic structures" and its "compensation arrangements." *See* Doc. 6 at 4–5 (quoted). Alternatively, by the same deadline, AEW and Khan may withdraw the agreements, thereby amending the complaint by removing them from the pleading and the court's consideration.

In the meantime, the clerk is directed to provisionally maintain the agreements, S-Docs. 6-1 to 6-3, under seal. If AEW and Khan fail to timely file

5

a second motion to seal or fail to timely withdraw the agreements, the court will direct the clerk to unseal them.

CM/ECF access is limited. Thurston can access the docket electronically via PACER and can file any paper the ordinary way (e.g., by U.S. Mail). Under Local Rule 1.11(c), he need not obtain leave to intervene to oppose any later motion to seal.

**Ordered** in Jacksonville, Florida, on July 7, 2026.

Patricia D. Barksdale
United States Magistrate Judge

c:      Brandon Thurston
        63 Newport Ave.
        Buffalo, NY 14216

6