## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**ALL ELITE WRESTLING,**
**LLC, a Delaware limited liability**
**company, and ANTONY KHAN in**
**his capacity as the Chief Executive**
**Officer, General Manager, and Head of**
**Creative of All Elite Wrestling, LLC**

      **Petitioners,**

**v.**                    **Case No. 3:26-cv-01481-WWB-PDB**

**RYAN NEMETH,**

      **Respondent.**

_____/

### PETITIONERS' MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COURT'S JULY 10, 2026, ORDER

Petitioners, All Elite Wrestling, LLC ("AEW") and Antony Khan ("Mr. Khan") (collectively "Petitioners"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), move for a brief extension of time of two (2) weeks, through and including August 7, 2026, to respond to this Court's July 10, 2026, Order (Doc. 11) (the "Order"), and state as follows:

1.     Petitioners initiated this action on June 5, 2026, by filing a Verified Complaint and Petition for Order Compelling Arbitration in Accordance with Terms of Arbitration Agreement ("Petition"). (Doc 1).

2.      On July 10, 2026, this Court entered the Order, directing Petitioners, by July 24, 2026, to provide the Court with more information establishing that this action meets the requirements for diversity jurisdiction.  (Doc. 11).

3.      Specifically, the Order requires Petitioners to: (1) "identify each of [AEW's] members, and each of those members' members, or clarify whether Beatnik is the sole member of AEW"; (2) identify citizenship for each of AEW's members; and (3) explain the source of the amount in controversy pled in Paragraph 4 of the Petition. (Doc. 11 at 1).

4.      Since the Court entered its Order, Petitioners have been working diligently to obtain the required information. However, Petitioners require additional time to prepare and file an appropriate response to the Order.

5.      Despite their efforts, Petitioners are unable to complete the required filing by the July 24, 2026, deadline because: (a) lead trial counsel for Petitioners, B. Tyler White, Esq., had to unexpectedly attend a funeral over the prior weekend that required cross country-travel to Phoenix, Arizona; (b) Mr. White and his co-counsel, James D. McGuire, Esq., have had intervening case deadlines, including Mr. McGuire's preparations for oral argument (occurring this morning, July 24, 2026) on an issue of first impression in the District of South Dakota; and (c) Mr. White and Mr. McGuire are both traveling to attend a pre-scheduled firmwide conference beginning at 3:30 p.m. MST on July 24, 2026, which also will require cross-country travel to Denver, Colorado.

6.      Respondent, Ryan Nemeth, has not yet been served with the Petition and his counsel have not responded to requests that they waive service of the Petition on his behalf.

7.      Because of the foregoing, good cause has been shown to extend Petitioners' time to respond to the Order. Petitioners respectfully request a two (2) week extension of time, up to and including August 7, 2026, to respond to the Order.

**MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 6(b)(1)(A) provides that, when a request is made before the applicable period expires, the Court may extend the time to act "for good cause." Because this Motion is filed before the deadline expires, it is governed by Rule 6(b)(1)(A)'s "good cause" standard rather than the more demanding "excusable neglect" standard that applies to untimely requests under Rule 6(b)(1)(B).  Good cause is a liberal standard that is satisfied where, as here, the movant has acted diligently and seeks a brief extension for reasons largely outside its control.

Petitioners have satisfied that standard. This Motion is filed in advance of the July 24, 2026, deadline, and Petitioners have shown good cause for a brief, two-week extension. Since the Court entered the Order, counsel have worked diligently to gather the required jurisdictional information, and to prepare a response explaining the amount in controversy in the Petition in more detail, but a confluence of both unexpected and pre-existing professional obligations—including lead counsel's unexpected cross-country travel for a funeral, co-counsel's preparation for oral

3

argument on an issue of first impression in federal court, and both counsel's attendance at a pre-scheduled firmwide conference—has prevented Petitioners from completing an appropriate response by today's deadline. Courts in this District routinely grant timely, well-supported requests for modest extensions of this kind. *See Smith v. Conner*, No. 8:12-cv-52-T-30AEP, 2013 U.S. Dist. LEXIS 7248, at *6 (M.D. Fla. Jan. 17, 2013).

The requested extension is sought in good faith and not for the purpose of delay, and granting it will not prejudice any party or affect any other deadline set by the Court. Respondent Ryan Nemeth has not yet been served with the Complaint and has not appeared in this action; thus his time to respond is not affected.

## CONCLUSION

WHEREFORE, Petitioners respectfully request that the Court: (1) grant this Motion; (2) allow Petitioners up to and including August 7, 2026, to respond to the Order; and (3) grant any other relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that Petitioners have not conferred with Respondent or his counsel in the pending Arbitration matter regarding the relief requested in this Motion. Respondent Ryan Nemeth has not yet been served with the Complaint in this action, and no counsel has appeared on his behalf. Undersigned counsel has requested that Respondent's counsel agree to waive service under Federal Rule of Civil Procedure 4(d), but counsel has not responded to

4

those requests. As a result, there is no opposing party or counsel of record with whom Petitioners can properly confer regarding this Motion. To the extent Local Rule 3.01(g)(3) applies, should Respondent or his counsel become available before the Court rules on this Motion, Petitioners will promptly confer and supplement this Motion with a statement certifying whether the parties have resolved all or part of the requested relief.

## AI CERTIFICATION

Pursuant to the Standing Order of the Honorable Wendy W. Berger regarding the use of generative artificial intelligence, undersigned counsel certifies that, to the extent generative AI was used in any drafting of this filing, any language drafted by AI—even if later edited by a human—was personally reviewed by the undersigned for accuracy, and that all legal citations reference actual, non-fictitious cases or cited authority and accurately reflect the contents of such authority.

DATED this 24th day of July 2026.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Telephone:  (904) 638-2655
Facsimile:  (904) 638-2656

By: /s/ B. Tyler White
B. Tyler White
Florida Bar No. 0038213
Tyler.White@jacksonlewis.com
Megan.Pina@jacksonlewis.com
JacksonvilleDocketing@jacksonlewis.com

5

JACKSON LEWIS, P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

James D. McGuire
Florida Bar No. 1032198
James.McGuire@jacksonlewis.com
Lorraine.Kyser@jacksonlewis.com
OrlandoDocket@jacksonlewis.com
*Attorneys for Petitioners*

## CERTIFICATE OF FILING

This is to certify that on this 24th day of July, 2026, a true and correct copy of the foregoing has been filed via CM/ECF.

By: */s/ B. Tyler White*
      Attorney

6