**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ALL ELITE WRESTLING,**
**LLC, a Delaware limited liability**
**company, and ANTONY KHAN in**
**his capacity as the Chief Executive**
**Officer, General Manager, and Head of**
**Creative of All Elite Wrestling, LLC**

        **Petitioners,**

**v.**                                          **Case No. 3:26-cv-1481-WWB-PDB**

**RYAN NEMETH,**

        **Respondent.**

_____/

## PETITIONERS' RESPONSE TO THE COURT'S JULY 10, 2026 ORDER

Petitioners, All Elite Wrestling, LLC ("AEW") and Antony Khan ("Tony Khan") (collectively, "Petitioners") respond to the Court's July 10, 2026, Order regarding the diversity jurisdiction requirements (the "Order") as follows:

## I.    PRELIMINARY STATEMENT

In the Order, the Court directed AEW to "identify each of its members" and the members of those members, and to identify the citizenship of each. (Doc. 11 at 1). The Order also directed Petitioners to "explain the source" for alleging that the amount in controversy exceeds $75,000. (*Id.*). Petitioners submit the below, identifying AEW's members and their citizenship necessary to establish complete diversity and explaining why the amount in controversy exceeds $75,000.00. Regarding the amount in controversy specifically, Claimant's arbitration Demand alleges amount in controversy of $2,000,000.00 (Doc. 1-5 at 41), and this Response sets forth additional facts below to

1

establish that the amount in controversy in this matter exceeds $75,000.00. Petitioners, therefore, submit the below memorandum in support of their position that the jurisdictional requirements are satisfied, and respectfully request that the Court find that jurisdiction exists under 28 U.S.C. § 1332 and permit this action to proceed.

## II.      LEGAL MEMORANDUM

Federal jurisdiction in a diversity case such as this one may be established by a preponderance of the evidence. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010). For the following reasons, Petitioners satisfy that inquiry as to both diversity of citizenship and the amount in controversy.

### A.      Diversity of Citizenship is Satisfied.

The Order first requires AEW to: "identify each of its members, and each of those members' members, or clarify whether Beatnik is the sole member of AEW. For each member, AEW must identify citizenship." (Doc. 11 at 1). AEW is a Delaware limited liability company whose members are: (1) Beatnik Investments, LLC; (2) the Shahid Rafiq Khan Family ESBT Trust A ("Trust A"); and (3) the Shahid Rafiq Khan Family ESBT Trust B ("Trust B"). Beatnik is a Florida limited liability company whose members are Trust A and Trust B.

A traditional trust is a fiduciary relationship regarding property that cannot sue or be sued as a separate legal entity. Such a trust assumes the citizenship of its trustee or trustees rather than its beneficiaries. *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019). By contrast, where state law creates a trust-like entity capable of suing or being sued in its own name, the entity possesses the citizenship of all of its members. *See Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 382–84

(2016). Trust A and Trust B are traditional trusts; therefore, the trust assumes the citizenship of its trustees rather than its beneficiaries. *Alliant*, 924 F.3d at 1143; Trust A and Trust B are Illinois trusts. Each trust has only two co-trustees—Thomas D. Clarkson and Jeffrey B. Miller—both of whom are citizens of Illinois. Accordingly, both trusts are citizens of Illinois for jurisdictional purposes.

Further, because Beatnik's members are Trust A and Trust B, Beatnik likewise is a citizen of Illinois. Because AEW's members consist of Beatnik, Trust A, and Trust B, AEW likewise is a citizen of Illinois. Upon information and belief, Respondent, Ryan Nemeth, is a citizen of and is domiciled in California. (Doc. 1 at ¶ 3). Therefore, Petitioners have established that each natural person member of AEW through every layer of ownership is a citizen of Illinois for jurisdictional purposes, satisfying the citizenship requirements for diversity jurisdiction in this action.

### B.    The Amount in Controversy Exceeds $75,000.

The Order next requires Petitioners to "explain the source" of the basis for Petitioners' allegation that the amount in controversy exceeds $75,000. (Doc. 1 at 1). In freestanding federal court actions filed under the Federal Arbitration Act ("FAA") such as this one, courts assess jurisdiction by "looking through" the request to compel arbitration to the underlying dispute because the FAA does not, in and of itself, create federal jurisdiction. *See Jules v. Andre Balazs Props*., No. 25-83, 146 S. Ct. 1209, 1215–16, 224 L. Ed. 2d 708 (May 14, 2026). Further, Petitioners are "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it[,]" nor does the law "demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Pretka*, 608 F.3d at 754. With the instructions of *Pretka* in

3

mind, and looking through to Respondent's underlying dispute as *Jules* requires, the jurisdictional threshold is satisfied here. The value of this litigation is measured directly by the damages Respondent seeks in the underlying action, including the real economic consequences of the relief he requests.

Here, as pertinent to this analysis, Respondent seeks relief from Petitioners concerning the parties' contractual rights and obligations, together with damages stemming from AEW's alleged misclassification of Respondent as an independent contractor. (Doc. 1 at ¶ 21, Doc. 1-5 at 39–42). Importantly, Respondent claims in the underlying action that he is entitled to recover compensation as a misclassified employee, employment-related benefits, and other damages allegedly owed as a result of that purported misclassification.  (Doc. 1-5 at 41). Respondent unequivocally states in his arbitration Demand that the amount in controversy is $2,000,000.00. (*Id.*). The amount in controversy inquiry is satisfied on this basis alone.

Further, in case Respondent's own damages assessment in his arbitration Demand (filed by counsel) is not enough, AEW has determined that employee reclassification would also result in significant additional employer tax obligations, in addition to employee benefit costs, beyond Respondent's contractual compensation alone. Specifically, AEW has determined that employee reclassification would result in employer tax liability of at least 9.95% of compensation paid, together with approximately $18,125 annually in employee benefits for the affected individual. Respondent's claimed lost benefits alone from March 1, 2021 (the date he began contracting with AEW) to date (arising from his misclassification claim in the arbitration Demand) would total

approximately $90,625.00, which also far exceeds the jurisdictional requirement.[1] Petitioners confirm that those same categories of damages associated with Respondent's underlying claims cause the amount in controversy to exceed the jurisdictional minimum. Accordingly, Petitioners have established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a).

## III.    CONCLUSION

For all of these reasons, Petitioners respectfully request that the Court enter an order finding that the Court's inquiry into diversity jurisdiction over this action has been satisfied.

## <u>AI CERTIFICATE</u>

**I HEREBY CERTIFY** generative AI was used in drafting some of the language in preparation of this filing, but all citations to authority were drafted manually.

---

[1] This is especially true considering not only Respondent's misclassification and employment claims raised for the first time in arbitration (in which any alleged employment relationship would have begun on or about March 1, 2021) (Doc. 1 at ¶ 8), but also because Respondent has alleged "wrongful termination" in the arbitration matter (Doc. 1-5 at 41), and alleged in his state court complaint that AEW "benched" him in June 2023 (Doc. 1-4 at ¶¶ 25–26); and that AEW and Tony Khan "blackballed" him from professional wrestling. (*Id.* at ¶ 41). Therefore, Respondent's alleged back pay damages would be at least $90,625.00 based on his misclassification claims alone.

Dated August 7th, 2026.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/ B. Tyler White*
B. Tyler White, FBN: 0038213
Tyler.White@jacksonlewis.com
James D. McGuire, FBN: 1032198
James.McGuire@jacksonlewis.com
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Tele:  904-638-2655
Fax:  904-638-2656

*Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of August, 2026, a true and correct copy

of the foregoing was electronically filed with the Court by using the CM/ECF system.

*/s/ B. Tyler White*
Attorney

6