**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ALL ELITE WRESTLING, LLC, a Delaware limited liability company, and ANTONY KHAN in his capacity as the Chief Executive Officer, General Manager, and Head of Creative of All Elite Wrestling, LLC**

**Petitioners,**

**v.** **Case No. 3:26-cv-01481-WWB-PDB**

**RYAN NEMETH,**

**Respondent.**
_________________________________________/

**PETITIONERS' VERIFIED MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF PROCESS ON RESPONDENT RYAN NEMETH**

Petitioners, All Elite Wrestling, LLC ("AEW") and Antony Khan ("Mr. Khan") (collectively "Petitioners"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 4, move for a 90-day extension of time, through and including December 2, 2026, to effectuate service of process on Respondent, Ryan Nemeth ("Respondent"). In support, Petitioners state as follows:

1. Petitioners initiated this action on June 5, 2026, by filing a Verified Complaint and Petition for Order Compelling Arbitration in Accordance with Terms of Arbitration Agreement ("Petition"). (Doc 1).

2. Accordingly, Petitioners' deadline to serve Respondent is today, September 3, 2026.

3. Since June 5, 2026, Petitioners have worked diligently to locate and serve Respondent, but unfortunately, Petitioners have been unable to do so. Specifically, Petitioners have undertaken the following service efforts to date:

a. The first service attempt was on June 5, 2026, the date the Petition was filed. Petitioners' counsel emailed Respondent's California counsel (which counsel is representing him in the improperly commenced California arbitration proceeding) asking if counsel would accept or waive service of process on behalf of Respondent. Petitioners received no response. (*See* **Exhibit A**).

b. Petitioners attempted to serve Respondent a second time (via personal service at his then-last known address, 5705 Jamieson Ave., Encino, CA 91318 ("5705 Jamieson Ave.")) on July 2, 2026. (*See* **Exhibit B**). Service was unsuccessful because Respondent no longer resided at that address. (*See id.*).

c. Following the failed July 2, 2026, service attempt, on or about July 27, 2026, Petitioners performed a skip trace investigation in furtherance of their efforts to locate and serve Respondent. However, no residence belonging or attributable to Respondent could be readily located.

d. On or about July 28, 2026, Petitioners learned that Respondent may be residing at 17642 Calvert St., Encino, CA 91316 ("17642 Calvert St.").

e. On August 4, 2026, Petitioners attempted to locate and serve Respondent at 17642 Calvert St. and in the general vicinity of that

address. Petitioners could not locate, and therefore could not serve, Respondent.

4. Petitioners have good reason to believe that Respondent is intentionally evading service of process, especially considering that: (1) Respondent's California counsel has expressly acknowledged that Respondent is aware that this action is pending against him, and yet Petitioners have been unable to locate Respondent at his only known residence or elsewhere (*see* **Exhibit A**); and (2) Petitioners were able to locate and serve Respondent in the prior action, which was commenced against him for these same reasons (*see* Case No. 3:25-cv-282-WWB-LLL, Doc. 12, attached as **Exhibit C**).[1]

5. Even giving Respondent the benefit of the doubt (*i.e.*, that he is not intentionally evading service), Petitioners have recently become aware that Respondent is seldomly physically present at 17642 Calvert St. This is based on the unsuccessful August 4 service attempt and Petitioners' understanding of Respondent's current work arrangement with a different wrestling promotion with which he appears to be contracted. Under that arrangement, it appears that Respondent must travel one to two times each week to perform during events at venues all over the United States.

6. Moreover, notwithstanding the efforts (and obstruction) detailed in Paragraphs 3–5, Petitioners' counsel again emailed Respondent's California attorneys this morning (September 3, 2026, at 8:28 a.m.) in another attempt to effectuate service or obtain waiver. As of the filing of this Motion, Petitioners' counsel has received no

[1] Petitioners dismissed the prior action because, after serving Respondent, his counsel agreed, writing via e-mail, to arbitrate his claims in Duval County, Florida. This action commenced because Respondent and his counsel have now gone back on their word. Now, Petitioners have good reason to believe that Respondent is altogether avoiding service, including by Respondent's counsel's refusals to respond at all to Petitioners' requests to accept or waive service, despite acknowledging this new filing.

response, but will continue working diligently to serve Respondent while this Motion remains pending.

7. Based on the foregoing, good cause has been shown to extend Petitioners' time to serve Respondent. Petitioners respectfully request a 90-day extension of time, up to and including December 2, 2026, within which to serve Respondent.

**MEMORANDUM OF LAW**

The time limit for service of process is 90 days, as proscribed by Federal Rule of Civil Procedure 4(m). However, if a defendant (or, in this case, Respondent), is not served within 90 days, "the court must extend the time for service for an appropriate period" for good cause. Fed. R. Civ. P. 4(m). "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Good cause is a liberal standard that is satisfied where, as here, Petitioners have acted diligently and seek an extension for reasons largely outside their control. *See, e.g., Smith v. Fla. Health Advisors, Inc.*, No. 5:25-cv-558-PGB-PRL, 2026 U.S. Dist. LEXIS 26766, at *4–14 (M.D. Fla. Feb. 10, 2026) (extending the time to effectuate service of process by 60 days where, although the plaintiffs failed to show that they exercised the due diligence required to obtain substitute service, they nevertheless had shown through multiple service attempts at the defendant's last known addresses that good cause was warranted to extend the time to effectuate personal service); *Pastrana v. Level Up Fitness, LLC*, No. 21-cv-21985-BLOOM/Otazo-Reyes, 2021 U.S. Dist. LEXIS 161523, at *2–6 (S.D. Fla. Aug. 26, 2021) (granting a motion for extension of time to effectuate service of process on an individual defendant who was actively evading service of process even though that defendant (as

with Respondent here) was aware of the proceedings and in communication with counsel for the other side); *Sullivan v. Hamm*, No. 2:25cv981-MHT, 2026 U.S. Dist. LEXIS 86036, at *2–5 (M.D. Ala. Apr. 20, 2026) (granting a 90-day extension of time to effectuate service of process where the plaintiff acted in good faith (as Petitioners have here) to locate and serve the defendants at issue, especially considering some of those defendants' failure to respond to a request for waiver of service).

As was the case in *Smith*, *Pastrana*, and *Sullivan*, the 90-day extension Petitioners' request here is warranted given the good faith attempts (including at substantial expense) Petitioners have taken to locate and serve Respondent, and because of Respondent's California counsel's refusal to respond to Petitioners' request to accept or waive service. Moreover, the extension is particularly warranted here because, based on Petitioners' prior service attempts and the facts detailed above, Respondent is transient and does not maintain physical presence at one fixed location or address for an extended period of time. Therefore, Petitioners will have to employ additional, extraordinary measures to locate and personally serve Respondent, or take the appropriate measures to obtain substitute service, if necessary.

## CONCLUSION

For these reasons, and because the extension is sought in good faith, not for the purposes of delay, and before the expiration of the deadline, Petitioners have satisfied the good cause standard for a 90-day extension of time.

WHEREFORE, Petitioners respectfully request that the Court: (1) grant this Motion; (2) allow Petitioners up to and including December 2, 2026, to effectuate service

of process on Respondent (including to take the appropriate steps to obtain substitute service, if necessary); and (3) grant any other relief the Court deems just and proper.

**LOCAL RULE 3.01(g) CERTIFICATE**

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that Petitioners have not conferred with Respondent or his counsel in the pending Arbitration matter regarding the relief requested in this Motion. As detailed above, Respondent Ryan Nemeth has not yet been served with the Complaint in this action, no counsel has appeared on his behalf, and Respondent's California attorneys refuse to respond to, or otherwise engage with, Petitioners regarding this action. Undersigned counsel has requested twice that Respondent's counsel agree to waive service under Federal Rule of Civil Procedure 4(d), but counsel has not responded to those requests. As a result, there is no opposing party or counsel of record with whom Petitioners can properly confer regarding this Motion. To the extent Local Rule 3.01(g)(3) applies, should Respondent or his counsel make themselves available before the Court rules on this Motion, Petitioners will promptly confer and supplement this Motion with a statement certifying whether the parties have resolved all or part of the requested relief.

**AI CERTIFICATION**

Pursuant to the Standing Order of the Honorable Wendy W. Berger regarding the use of generative artificial intelligence ("AI"), undersigned counsel certifies that no generative AI was used in drafting the instant Motion.

DATED this 3rd day of September 2026.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

By: */s/ B. Tyler White*
B. Tyler White
Florida Bar No. 0038213
Tyler.White@jacksonlewis.com
Megan.Pina@jacksonlewis.com
JacksonvilleDocketing@jacksonlewis.com

JACKSON LEWIS, P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

James D. McGuire
Florida Bar No. 1032198
James.McGuire@jacksonlewis.com
Lorraine.Kyser@jacksonlewis.com
OrlandoDocket@jacksonlewis.com
*Attorneys for Petitioners*

## CERTIFICATE OF FILING

This is to certify that on this 3rd day of September, 2026, a true and correct copy of the foregoing has been filed via CM/ECF.

By: */s/ B. Tyler White*
B. Tyler White

4914-6229-5501, v. 2