FILED - USDC - FLMD - JAX
OCT 13 2026 PM2:37

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ALL ELITE WRESTLING, LLC, and**
**ANTONY KHAN,**
**Petitioners,**

**v.** **Case No. 3:26-cv-01481-WWB-PDB**

**RYAN NEMETH,**
**Respondent.**
______________________________________/

**NON-PARTY BRANDON THURSTON'S RESPONSE IN OPPOSITION TO PETITIONERS' RENEWED MOTION TO FILE UNDER SEAL**

Non-party Brandon Thurston, pro se, an independent member of the press, responds pursuant to Local Rule 1.11(c) in opposition to the Renewed Motion to File Under Seal (Doc. 18) (the "Renewed Motion") filed by All Elite Wrestling, LLC ("AEW") and Antony Khan (the "Petitioners"). Thurston does not oppose redacting personal residential addresses, telephone numbers, and email addresses from the three Independent Contractor Wrestler Agreements between AEW and Respondent Ryan Nemeth (the "Agreements"), Docs. 18-1 (2023), 18-2 (2022), and 18-3 (2021).[1] Thurston opposes every other redaction because Petitioners ask the Court to rely on the Agreements while offering only unsworn argument of counsel, not evidence, for sealing them. Thurston takes no position on the merits of the parties' dispute.

1 Section 17.7 is partly redacted in each Agreement. Thurston does not oppose redacting residential addresses, telephone numbers, or email addresses if they exist there, but he opposes the full redaction of Section 17.6(a).

## I. The Agreements are part of the pleading, and Petitioners support their redactions with unsworn argument that is stale and overly broad.

The Agreements are exhibits to Petitioners' Verified Complaint and Petition (the "Petition"). Doc. 1 ¶ 39. "A copy of a written instrument that is an exhibit to a pleading"—such as the Agreements—"is part of the pleading for all purposes," Fed. R. Civ. P. 10(c). The Eleventh Circuit treats a complaint's exhibits as judicial records to the same extent as the complaint. *F.T.C. v. AbbVie Products LLC*, 713 F.3d 54, 63 (11th Cir. 2013). The public's right of access also attaches because the Petition is "presented to the court to invoke its powers or affect its decisions." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Sealing requires "a reason sufficiently compelling to overcome the presumption of public access," and the confidentiality terms in the Agreements cannot provide one. Local Rule 1.11(a). Petitioners bear the burden, and good cause is "a factual matter to be decided by the nature and character of the information in question." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313-15 (11th Cir. 2001).

Petitioners have had two opportunities to move to seal and have offered no declaration or other evidence. The redacted Agreements are exhibits supporting their Petition, not their Renewed Motion. They do not say how AEW protects the Agreements, who has access to them, or what harm followed from the terms already quoted in the Petition. The orders granting seals that they cite involved

sworn statements or no opposition.[2] Petitioners' assertion that competitors and talent could "benchmark" and "replicate" AEW's terms, Renewed Mot. at 5, 8-9, is the kind of conclusory assertion that *Romero* held insufficient. 480 F.3d at 1247.

The redacted terms are also old. The latest of the three Agreements was scheduled to expire on February 29, 2024. Doc. 18-1 at 2 (§ 2.1).[3] Sections 4 through 7 (the parties' obligations, exclusivity, and compensation) are not among those that survive expiration. Doc. 18-1 at 18 (§ 17.1). Older financial terms "would not necessarily aid competitors or counterparties in present-day negotiations." *AbbVie*, 713 F.3d at 70. Petitioners offer no evidence that these Agreements resemble any of AEW's current contracts.

The redactions also exceed what the Court invited. The Court's July 7 Order identified "internal economic structures" and "compensation arrangements" as the strongest reasons for confidentiality and said a careful review "may reveal that

---

[2] *See VAS Aero Servs., LLC v. Arroyo*, 860 F. Supp. 2d 1349, 1352-1354, 1359 (S.D. Fla. 2012) (general counsel testified about access limits and confidentiality policies); *Garcia v. Character Techs. Inc.*, No. 6:24-cv-1903-ACC-DCI, Doc. 221 at 9, 13 (M.D. Fla. Oct. 31, 2025) (Google filed a declaration; license agreement sealed where no one contested); *Ovalle v. Barton*, No. 6:23-cv-551-CEM-RMN, Doc. 140 at 5 (M.D. Fla. May 4, 2026) (movant reported that plaintiffs would not oppose); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, Doc. 345 at 2-3 (M.D. Fla. May 12, 2017) (parties agreed that confidential financial and business terms should be sealed); *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, Doc. 165 at 1 (M.D. Fla. Oct. 21, 2013) ("four unopposed motions").

[3] The 2022 Agreement was scheduled to expire on February 28, 2023, Doc. 18-2 at 2 (§ 2.1), and it superseded the 2021 Agreement when it took effect on January 17, 2022, *id.* at 18 (§ 17.3).

many additional provisions have little to do with" them. Doc. 10 at 5. Petitioners nonetheless redacted every operative provision.

Local Rule 1.11(b)(3)(A) requires a movant to establish that filing the item is necessary. Petitioners do not establish why the 2021 or 2022 Agreements must be filed, but because the Petition relies on them, the public must be able to read them. The Petition says the earlier arbitration provisions are "identical to Section 16.1" of the 2023 Agreement. Petition ¶ 11. But they differ. The two earlier Agreements each named the American Arbitration Association instead of JAMS. Only the 2023 Agreement names JAMS. Doc. 18-1 at 18; Doc. 18-2 at 17; Doc. 18-3 at 18 (§ 16.1).

## II. The redacted terms bear on what the Court is asked to decide.

Petitioners say the arbitration clauses are separable and the redacted terms are irrelevant. Renewed Mot. at 8. The redacted terms are relevant but even if they were not, *Romero* rejected irrelevance as "stereotyped and conclusory." 480 F.3d at 1247. Separability decides who rules on arbitrability, not who may read the contracts. Challenges to "the arbitration clause itself" are for the court. *Home Quality Management, Inc. v. ACE American Ins.*, 381 F. Supp. 2d 1363, 1366 (S.D. Fla. 2005). Respondent challenges the forum and choice of law terms Petitioners ask the Court to enforce, and Petitioners concede the Court "may need to consider provisions that Respondent might contend affect the making or performance of the arbitration agreement." Renewed Mot. at 8.

Petitioners ask the Court to declare arbitration, forum selection, and choice of law clauses "valid and enforceable" and to order that Florida law and the JAMS

Comprehensive Rules apply. Petition at 15-16. Respondent, on the other hand, says he was misclassified and that California Labor Code § 925 voids the Florida clauses. Doc. 1-5 (Declaration of B. Tyler White, Ex. E) at 47. Petitioners answer that he "was an independent contractor—not an employee." Petition ¶ 28; *see also* Doc. 1-5 at 49.

Petitioners cannot cite the Agreements to claim Respondent was properly classified and withhold the many terms relevant to that issue. Petitioners cite unredacted text in Section 17.2 of the 2023 Agreement ("independent contractor, rather than employee"), Doc. 18-1 at 18, in furtherance of their goals but redact the other parts of the contract that would allow classification to be fully evaluated under the tests that govern it. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311-12 (11th Cir. 2013); Cal. Lab. Code § 2775(b)(1); *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 349-351 (1989). By Petitioners' own description, the redacted sections contain "conditions and duties for events and training," exclusivity, compensation, and termination terms. Renewed Mot. at 6-7. Those are the very control, payment and termination terms that a classification test weighs. The unredacted text already shows that control is at issue. For example, AEW resolves disputes over "AEW Rules" in its "sole and absolute discretion," and is entitled to injunctive relief without a bond while Respondent's remedies are capped at his compensation. Doc. 18-1 at 17-18 (§§ 15, 16.1).

Petitioners cite *Garcia* for the position that parties "need not file upon the public docket irrelevant information that they are not asking the Court to review."

Renewed Mot. at 5 (quoting *Garcia*, Doc. 221 at 16). Here, however, Petitioners ask the Court to credit the contract's label of Respondent's status as an independent contractor, so the terms that test that label are information the Court is being asked to review. If Petitioners did not want those terms reviewed, they could have withdrawn the Agreements from the Court's consideration. Doc. 10 at 5.

Petitioners ask the Court to enforce clauses Respondent says California Labor Code § 925 voids, and they plead that he was not an employee, so the Court may have to decide whether § 925 reaches him. The public, therefore, has the right to inspect the terms that bear on that question. In any event, Petitioners have placed the Agreements and Respondent's status before the Court, and the presumption of access is not limited to the terms the Court happens to cite.

## III. The public interest in these terms is strong.

*Romero* requires that courts balance the public interest against a party's interest in confidentiality. Courts must assess whether the information touches on public concerns and determine whether "a less onerous alternative to sealing the documents" is available. 480 F.3d at 1246. Whether wrestlers working for nationally televised companies are independent contractors or employees is a contested and unresolved question of public concern. Other wrestlers previously

alleged they were misclassified by AEW in this District.[4] The Court's ruling may reach that question, and a public that cannot read the Agreements cannot assess the ruling. *See AbbVie*, 713 F.3d at 71 (access to a business document "enhanced the public's ability to understand the judicial process and a significant legal issue that will shape business practices in the future"). Redacting personal contact information is an appropriate, less onerous alternative. If the Court finds that any other term warrants confidentiality, the seal can be limited to numerical dollar amounts and percentages in Sections 7 and 8, which may set compensation and termination terms.

## IV. Request (iv) of the Renewed Motion is improper.

Petitioners ask the Court to deny in advance "any renewed request or objection by Brandon Thurston." Renewed Mot. at 10. Local Rule 1.11(c) allows any non-party to oppose a motion to seal. The Court clarified that Thurston "need not obtain leave to intervene to oppose ***any*** later motion to seal." Doc. 10 at 6 (emphasis added). A request to bar a response before one is made should be denied.

## V. Conclusion

Thurston respectfully requests that the Court deny request (iv) and deny the Renewed Motion except as to personal residential addresses, telephone numbers,

[4] *Foote v. All Elite Wrestling, LLC*, No. 3:24-cv-01206-HES-MCR, Doc. 1-2 ¶¶ 155-171 (M.D. Fla.) (alleging that "the Talent and Wrestlers are misclassified as independent contractors when they are, in fact, employees").

and email addresses; direct Petitioners to file the Agreements on the public docket with only those redactions; or, alternatively, limit any seal to personal contact information and the numerical dollar amounts and percentages in Sections 7 and 8.

**Certification Regarding Generative Artificial Intelligence**

Pursuant to the Standing Order of the Honorable Wendy W. Berger dated April 2, 2026, the undersigned certifies that, to the extent generative artificial intelligence was used in drafting this filing, any language drafted by AI was personally reviewed by the filer for accuracy, and all legal citations reference actual, non-fictitious authority and accurately reflect the contents of that authority.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Brandon Thurston*

Brandon Thurston, pro se
63 Newport Ave
Buffalo, NY 14216
716-930-9305
bhthurston@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 9, 2026, I mailed the original of this response to the Clerk of Court, United States District Court, 300 North Hogan Street, Jacksonville, Florida 32202, for filing, and served a copy by first-class U.S. Mail on counsel for Petitioners, B. Tyler White and James D. McGuire, Jackson Lewis P.C., 501 Riverside Avenue, Suite 902, Jacksonville, Florida 32202, with a courtesy copy by e-mail to tyler.white@jacksonlewis.com and james.mcguire@jacksonlewis.com; and by first-class U.S. Mail on Michael Caspino, last known counsel for Respondent, 30442 Esperanza, Rancho Santa Margarita, California 92688.

*/s/ Brandon Thurston*
Brandon Thurston, pro se